# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| | |
|---|---|
| JOSHUA DAVID STOCKER<br>PETITIONER<br>(Full name of Petitioner) | Connally Unit, Texas Dept. of Crim. Justice<br>CURRENT PLACE OF CONFINEMENT |
| vs. | TDCJ #01811349<br>PRISONER ID NUMBER |
| Brian Collier, Director, TDCJ<br>RESPONDENT<br>(Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner) | ________________<br>CASE NUMBER<br>(Supplied by the District Court Clerk) |

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the Petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, <u>and</u> (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check all that apply)

| | | |
|---|---|---|
| ✔ | A judgment of conviction or sentence, probation or deferred-adjudication probation. | (Answer Questions 1-4, 5-12 & 20-25) |
| | A parole revocation proceeding. | (Answer Questions 1-4, 13-14 & 20-25) |
| | A disciplinary proceeding. | (Answer Questions 1-4, 15-19 & 20-25) |
| | Other:________________ | (Answer Questions 1-4, 10-11 & 20-25) |

**All petitioners must answer questions 1-4:**

**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack:

   47th Judicial District Court - Randall County, Texas

2. Date of judgment of conviction: July 21st, 2005

3. Length of sentence: Life

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: 15,307-A

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one) ✔ Not Guilty Guilty Nolo Contendere

6. Kind of trial: (Check one) ✔ Jury Judge Only

7. Did you testify at trial? Yes ✔ No

8. Did you appeal the judgment of conviction? ✔ Yes No

9. If you did appeal, in what appellate court did you file your direct appeal? 7th Court of Appeals, Amarillo, Texas Cause Number (if known): 07-05-00284-CR

   What was the result of your direct appeal (affirmed, modified or reversed)? Affirmed

   What was the date of that decision? May 16th, 2007

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: Unavailable.

   Result: Refused

   Date of result: 8-12-2007; 10-10-2007 Cause Number (if known): PD-0968-07

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: ____________________

   Date of result: ____________________

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed. ✔ Yes No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: 47th District Court/Texas Court of Criminal Appeals

    Nature of proceeding: Application for Writ of Habeas Corpus (11.07)

    Cause number (if known): W-15,307-A-1 / WR-88,099-1

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: January 16th, 2018

Grounds raised: Due Process, Right of Confrontation - failure to disclose Brady evidence, witness tampering, suborn-ation of aggravated perjury, & illegal wiretaps; new exculpatory evidence

Date of final decision: April 1st, 2020

What was the decision? Denied

Name of court that issued the final decision: Texas Court of Criminal Appeals

As to any second petition, application or motion, give the same information:

Name of court: __________

Nature of proceeding: __________

Cause number (if known): __________

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:

__________

Grounds raised: __________

__________

Date of final decision: __________

What was the decision? __________

Name of court that issued the final decision: __________

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition? Yes ✔ No

(a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: __________

__________

(b) Give the date and length of the sentence to be served in the future: __________

__________

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future? Yes No

**Parole Revocation:**

13. Date and location of your parole revocation: ______________________

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation? Yes No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon? Yes No

16. Are you eligible for release on mandatory supervision? Yes No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
______________________

Disciplinary case number: ______________________

What was the nature of the disciplinary charge against you? ______________________

18. Date you were found guilty of the disciplinary violation: ______________________

Did you lose previously earned good-time days? Yes No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
______________________

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
______________________
______________________
______________________

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? Yes No

If your answer to Question 19 is "Yes," answer the following:

Step 1 Result: ______________________

Date of Result: ______________________

Step 2 Result: ____________________

Date of Result: ____________________

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** Petitioner was denied Due Process and Confrontation by deliberate failure to disclose, and concealment of, evidence favorable to Petitioner, witness tampering & perjury.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Co-defendants in Petitioner's trial were granted Use Immunity Agreements, one being the only witness to inception of the kidnapping at issue. Agreements were never disclosed. Co-defendants were instructed to lie about the existence of the agreements. Prosecutor sponsored his investigator to lie about the creation & existence of the agreements, suborning Aggravated Perjury.

B. **GROUND TWO:** Petitioner was denied Due Process by the use of illegal & undisclosed wiretaps to surveill co-defendants to build evidence against Petitioner.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): In the process of reviewing the State's file regarding a co-defendant, evidence was uncovered revealing the State had been wiretapping the co-defendant and had not disclosed as required. Prosecutor sponsored a witness to lie about the nature of the late disclosed evidence at Petitioner's writ evidentiary hearing.

C. **GROUND THREE:** Petitioner was denied Due Process & Confrontation by failure to disclose favorable evidence, i.e., Use Immunity & secret early release from prison for a co-defendant.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Co-defendant mastermind was granted an undisclosed Use Immunity Agreement 2 years before Petitioner's trial. Co-defendant implicated Petitioner as the most culpable party in return for undisclosed benefits, but appears to include an early secret release from prison in return for whatever undisclosed benefit he provided to the State in concealing the true nature of events.

D. **GROUND FOUR:** Petitioner was denied Due Process & a fair trial by false evidence, new evidence against which has surfaced, casting doubt on the entirety of the State's case.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The State presented a narrative of a dispute between local rival cartels. New evidence from decedent's business partner shows the murder was a collateral consequence of the Tulia fiasco, and that the narcotics task force used decedent as a snitch to eliminate its cartel business partners as it was forced to dissolve, and that decedent was murdered on a hit out of "La Pinta" (prison) in retaliation, exculpating Petitioner.

21. Relief sought in this petition: Reversal of conviction. Acquittal. Alternatively, new trial.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition? Yes ✓ No

If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

______________________________________________

______________________________________________

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)? Yes No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
Yes ✓ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

______________________________________________

______________________________________________

______________________________________________

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? Yes ✓ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. ______________________________________________

______________________________________________

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: C.J. McElroy, SBN 13581995 & Mike Watkins, SBN 00797631

(b) At arraignment and plea: " "

(c) At trial: " "

(d) At sentencing: " "

(e) On appeal: L. Van Williamson, SBN 21624550

(f) In any post-conviction proceeding: James Edd Wooldridge, SBN 24010492

(g) On appeal from any ruling against you in a post-conviction proceeding: ______________

________________________________________________________

**Timeliness of Petition:**

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

The grounds presented were not known nor available to Petitioner until revelation during proceedings involving a co-defendant's probation revocation beginning in 2015 and continuing up to and during Petitioner's state writ application filed in 2018. Factual predicate was not discoverable prior to state writ filing & this Petition is within 1 year of date of decision of state writ & exhaustion of state remedy.

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, Petitioner prays that the Court grant him the relief to which he may be entitled.

______________________________
Signature of Attorney (if any)

JAMES EDD WOOLDRIDGE, SBN 24010492

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

March 5, 2021 (month, day, year).

Executed (signed) on March 5, 2021 (date).

______________________________
Signature of Petitioner (required)

Petitioner's current address: Connally Unit, 899 FM 632, Kenedy, Texas 78119