07-05-0284-CR

FILED
OCT 18 2005
SEVENTH COURT OF APPEALS
PEGGY CULP, CLERK

REPORTER'S RECORD

VOLUME 20 OF 22 VOLUMES

TRIAL COURT CAUSE NO. 15,307-A

| | | |
|---|---|---|
| THE STATE OF TEXAS | ) | IN THE DISTRICT COURT |
| VS. | ) | RANDALL COUNTY, TEXAS |
| JOSHUA DAVID STOCKER | ) | 47TH JUDICIAL DISTRICT |

*********************

EXHIBIT VOLUME

*********************

The following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Hal Miner, presiding, held in Randall County, Texas:

Proceedings reported by Stenographic Method.

A P P E A R A N C E S

NAME: Mr. James Farren &
Mr. Jeramy Fowler
Randall County District Attorney's Office
SBOT NO: Unknown
ADDRESS: 501 16th Street
Canyon, Texas 79015
PHONE: (806) 468-5570
ATTORNEY FOR THE STATE.

NAME: Ms. C.J. McElroy &
Mr. Mike Watkins
Attorneys at Law
SBOT NO: Unknown
ADDRESS: 801 S. Fillmore/500 S. Taylor
Amarillo, Texas 79101
PHONE: (806) 371-0555/374-9584
ATTORNEY FOR THE DEFENSE.

EXHIBIT INDEX

| STATE'S EXHIBIT NO. | DESCRIPTION | OFFERED | ADMITTED | VOL. |
|---|---|---|---|---|
| SX-14 | PHONE RECORDS | 169 | 169 | 8 |
| SX-16 | CARPET | 66 | 66 | 13 |
| SX-17 | WALLET | 290 | 290 | 12 |
| SX-18 | CARPET PAD | 252 | 252 | 12 |
| SX-19 | RECEIPT | 142 | 142 | 11 |
| SX-22 | CONCRETE SACK | 88 | 88 | 13 |
| SX-24 | SWABBING | 66 | 66 | 13 |
| SX-25-28 | PHOTOS | 191 | 191 | 13 |
| SX-29 | PHOTOS | 181 | 181 | 13 |
| SX-31-38 | METAL PIECES | 61 | 61 | 13 |
| SX-39 | ENVELOPE | 90 | 90 | 13 |
| SX-53 | SOCK | 91 | 91 | 13 |
| SX-61 | TRASH CAN | 302 | 302 | 12 |
| SX-62 | WALLET | 17 | 17 | 11 |
| SX-63 | PAGER | 25 | 25 | 12 |
| SX-64 | LIGHTING | 25 | 25 | 12 |
| SX-65 | PLIERS | 77 | 77 | 13 |
| SX-69 | PHOTO | 14 | 14 | 9 |
| SX-70 THROUGH SX- 147 | PHOTOS | 79 | 79 | 9 |
| SX-148 THROUGH SX-156 | PHOTOS | 231 | 231 | 11 |
| SX-157 | PHOTO | 80 | 80 | 13 |

EXHIBIT INDEX (CONTINUED)

| STATE'S EXHIBIT NO. | DESCRIPTION | OFFERED | ADMITTED | VOL. |
|---|---|---|---|---|
| SX-158 | PHOTO | 80 | 80 | 13 |
| SX-159 | PHOTO | 80 | 80 | 13 |
| SX-160 THROUGH SX-162 | PHOTOS | 231 | 231 | 11 |
| SX-163-173 | PHOTOS | 80 | 80 | 13 |
| SX-174 | PHOTO | 253 | 254 | 11 |
| SX-175 | PHOTO | 80 | 80 | 13 |
| SX-176 | PHOTO | 20 | 20 | 10 |
| SX-177 | PHOTO | 21 | 21 | 10 |
| SX-178 | PHOTO | 22/23 | 23 | 10 |
| SX-179 | PHOTO | 24 | 24 | 10 |
| SX-180 | PHOTO | 25 | 25 | 10 |
| SX-181 | PHOTO | 25 | 25 | 10 |
| SX-182 | PHOTO | 26 | 26 | 10 |
| SX-183 THROUGH SX-192 | PHOTO | 28 | 29 | 10 |
| SX-193 | PHOTO | 75 | 75 | 13 |
| SX-194 | PHOTO | 36 | 36 | 10 |
| SX-195 | PHOTO | 50 | 50 | 13 |
| SX-196 | PHOTO | 36 | 36 | 10 |
| SX-197 | PHOTO | 50 | 50 | 13 |
| SX-198 | PHOTO | 50 | 50 | 13 |
| SX-199 | PHOTO | 50 | 50 | 13 |
| SX-200 | PHOTO | 50 | 50 | 13 |

EXHIBIT INDEX (CONTINUED)

| STATE'S EXHIBIT NO. | DESCRIPTION | OFFERED | ADMITTED | VOL. |
|---|---|---|---|---|
| SX-201 | PHOTO | 50 | 50 | 13 |
| SX-202 | PHOTO | 50 | 50 | 13 |
| SX-203 | PHOTO | 38 | 38 | 10 |
| SX-206 | PHOTO | 86 | 86 | 13 |
| SX-207 | PHOTO | 40 | 41 | 10 |
| SX-208 | PHOTO | 40 | 41 | 10 |
| SX-209 | PHOTO | 40 | 41 | 10 |
| SX-210 | PHOTO | 40 | 41 | 10 |
| SX-211 | PHOTO | 40 | 41 | 10 |
| SX-212 | PHOTO | 40 | 41 | 10 |
| SX-235 | PHOTO | 62 | 62 | 13 |
| SX-236 | PHOTO | 44 | 44 | 10 |
| SX-237 | PHOTO | 91 | 91 | 13 |
| SX-238 | PHOTO | 91 | 91 | 13 |
| SX-239 | PHOTO | 188 | 188 | 11 |
| SX-240 | PHOTO | 196 | 196 | 11 |
| SX-241 | PHOTO | 196 | 196 | 11 |
| SX-246 | MANDIBLE | 58 | 58 | 13 |
| SX-253 | LAB FORM | 57 | 57 | 13 |
| SX-254 | INDICTMENT | 287 | 287 | 9 |
| SX-259 | PHOTO | 186 | 186 | 13 |
| SX-260 | STATEMENT | 315 | 319 | 10 |

EXHIBIT INDEX (CONTINUED)

| STATE'S EXHIBIT NO. | DESCRIPTION | OFFERED | ADMITTED | VOL. |
|---|---|---|---|---|
| SX-265 THROUGH SX-269 | PHOTOS | 274 | 274 | 11 |
| SX-270 | SKETCH | 246 | 246 | 12 |
| SX-271 | SKETCH | 86 | 86 | 13 |
| SX-272 | SKETCH | 84 | 84 | 13 |
| SX-273 | SKETCH | 84 | 84 | 13 |
| SX-274 | REPORT | 129 | 129 | 13 |
| SX-275 | REPORT | 179 | 179 | 13 |
| SX-276 | REPORT | 200 | 200 | 13 |

SX-14 PHONE RECORDS

[redacted]

CAUSE NO. 15,307-A

| | | |
|---|---|---|
| THE STATE OF TEXAS | X | IN THE 47TH DISTRICT COURT |
| | X | |
| VS. | X | IN AND FOR |
| | X | |
| JOSHUA DAVID STOCKER | X | RANDALL COUNTY, TEXAS |

**AFFIDAVIT**

Before me, the undersigned authority, personally appeared Curtis Sinclair, who being by me duly sworn, deposed as follows:

My name is Curtis Sinclair of Sinclair Communications; I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.

I am the custodian of record of account #039587 in the name of Cody Investment Services Inc. and Steven Kimberlin. These records were forwarded to The Randall County District Attorney's Office at 501 16th St., Canyon, Texas 79015 in response to a subpoena request from Detective Mark Brown of the Special Crimes Homicide Unit of The Amarillo, Texas Police Department.

The aforementioned records are kept by Sinclair Communications in the regular course of business, by a person or persons with knowledge of the events recorded in said records, were recorded at or near the time of the events reflected in said records, and I (Curtis Sinclair) am a custodian of said records.

FAITH WATSON
NOTARY PUBLIC,
STATE OF TEXAS
My Commission Expires 05-06-2008

[signature]
Affiant

SWORN TO AND SUBSCRIBED before me on the 27th day of June 2005.

Faith Watson
Notary Public, State of Texas

Faith Watson
Notary's printed name

My commission expires: 05-06-2008

original on file in Randall county D.A.'s office
James A. Farren

FILED
27.06.2005 13 :29
JO CARTER, DISTRICT CLERK
RANDALL COUNTY, TEXAS
________, DEPUTY

COPY

# THE STATE OF TEXAS

TO THE SHERIFF OR ANY AUTHORIZED OFFICER OF RANDALL COUNTY, GREETINGS:

YOU ARE HEREBY COMMANDED to summon the witness listed below, if to be found in your County, to be and personally appear on the date and time listed below, before the Grand Jury now in session at the Courthouse, in Canyon, Randall County, Texas, then and there to testify as a witness before said Grand Jury, and that the witness bring and produce at said time and place the evidentiary items listed below, and there to remain from day to day until discharged by due course of law.

**WITNESS TO BE SUMMONED**

| NAME | ADDRESS | DATE & TIME OF APPEARANCE |
|---|---|---|
| Custodian of Records<br>Sinclair Communications | | INSTANTER |

**Bring following item(s):** (You may comply by mailing the items listed to the Randall County Criminal District Attorney's Office, 501 16th Street, Canyon, Texas.)

(please provide all records pertaining to account #039587 in the name of Cody Investment Services Inc. and Steven Kimberlin)

HEREIN FAIL NOT, and make due return hereof, showing how you have executed the said.

WITNESS my official signature, at Canyon, Texas, this 13th day of June, 20 03.

JO CARTER

District Clerk

Randall County, Texas

By Karen Peddy Deputy

***FAILURE TO COMPLY WITH THIS SUBPOENA** on or before the date instructed will result in an attachment being issued which will command a peace officer to bring you before the Grand Jury.*

Came to hand the 13th day of June, 2003 at 10:20 o'cloc A m., and executed in compliance with Article 24.04, Code of Crimina Procedure at the following times and places, to wit: within named Sinclair Communications at 1001 S Georgia in Amarillo, Texas, AND nc executed as to the witness for the following reason: Rcpt # 039587

Sherif

Potter, County, Texa

Deput

11:05 Am

# SINCLAIR COMMUNICATIONS

Home of the Cheapest Beeper 806-374-2290

# SERVICE AGREEMENT

DATE: 4/22/03 ACCOUNT # 9587

☐ INDIVIDUAL ☐ BUSINESS

(PLEASE PRINT) NAME Cody Investment Services Inc

STREET / P.O. Box 1909 Success

CITY STATE ZIP 79119

TELEPHONE NO.

WORK NO.

FAX

CUSTOMER CONTACT

DRIVERS LICENSE NO.

SOCIAL SECURITY NO.

**For Office Use Only**

☐ ANNUAL
☐ SEMI-
☐ QUARTERLY
☐ MONTHLY
☐ ______

FIRST BILL DATE: 8.1.03

DATE DUE: ______

PAYMENT METHOD:
☒ CASH
☐ CHECK # ______
☐ VISA / AE / DISC / MC

-QUESTIONS-

| | | |
|---|---|---|
| -Special | Y | N |
| -______ | Y | N |
| -Coverage Type | Y | N |
| -Coverage for later | Y | N |
| -Omni Roam | Y | N |
| -Message Mgr | Y | N |
| -Card | Y | N |
| -M & I | Y | N |
| -Deductible | Y | N |
| -Quarterly | Y | N |
| -Annually | Y | N |
| -Due Date | Y | N |
| -Statement Needed | Y | N |
| -How To Use | Y | N |
| -Instruction Book | Y | N |
| -Signed & Initials | Y | N |

☐ Coam ☐ Rental ☐ $ ______ (Deposit) ☐ ______

-Account Type-
☐ New Account
☐ Reactivation
☐ Recrystal
☒ Add on
☐ Reseller
☐ Outside Sale
☐ Clovis
☐ Trade-in
Type: ______
Freq: ______
☐ ______
☐ Referred By: ______

☐ Newspaper
☐ TV ☐ Radio
☐ Friend ☐ Flyer

Paging Service
☐ Local
☐ Wide-Area
☐ New Mexico
☐ 152.480
☐ Local
☐ Panhandle
☐ 1/2 State
☐ Statewide
☐ Bi-State
☐ SouthCentral
☐ Nationwide
☐ Bi-State Kansas
☐ ______
☐ ______
☐ PageMart - local
☐ PageMart ______
☐ PageMart ______

| PAGER # | CAP CODE | PAGER TYPE | COLOR | FREQUENCY | BAUD |
|---|---|---|---|---|---|
| 464-4108 | 21696760 | Glenayre | Black | 940.3625 | |
| 464-4113 | 21705558 | Glenayre | Black | 940.3625 | |
| | | | | | |

RATE: Monthly___ Quarterly 2 X Semi-Annual___ Annual 14.95

Basic Rate:

Options:

Processing: 50.78 per pager

TUSF:

Sub-Total

Sales Tax:

Total Billing Per Pager:

**Quarterly billing per pager:**

Semi-Annual per pager:

Annual per pager:

NOTICE: Pagers for non-payment are turned off on the 11th. Reactivation charge will be added to balance on all payments received after the 10th ______ Initial

30 day waiting period on Insurance ______ Initial

Deductible Amount $______

Charge for overuse on 1-800 numbers $______ ______ Initial

Charge for overuse on alpha transcription $______ ______ Initial

Charge for overuse on nationwide service $______ ______ Initial

There is no refund for quarterly payments ______ Initial

If this is a rental unit, I understand and agree to the terms outlined on the reverse of this agreement

X [signature] CUSTOMER SIGNATURE

50.00 - Pager Activ & May
50.00 - Pager Activ & May
30.40 - June & July
30.40 June & July
160.80
5.78 TUSF
166.58
13.74
180.32

Posted to Bank

SALESPERSON Terry

# SINCLAIR COMMUNICATIONS

Home of the Greatest Beeper
806-374-2290

# SERVICE AGREEMENT

NO.: 

DATE: 4/22/03 ACCOUNT # 9587

INDIVIDUAL (Charge Name) ☐ BUSINESS

PLEASE PRINT NAME: Cody Investment Services Inc

STREET

P.O. Box: 7909 Success

CITY STATE ZIP 79119

TELEPHONE NO.

WORK NO.

FAX

CUSTOMER CONTACT

DRIVERS LICENSE NO.

SOCIAL SECURITY NO.

For Office Use Only

☐ ANNUAL
☐ SEMI-
☐ QUARTERLY
☐ MONTHLY
☐ ______

FIRST BILL DATE: 8.1.03

DATE DUE: ______

PAYMENT METHOD:
☒ CASH
☐ CHECK # ______
☐ VISA / AE / DISC / MC

| -QUESTIONS- | | |
|---|---|---|
| -Special | Y | N |
| -______ | Y | N |
| -Coverage Type | Y | N |
| -Coverage for later | Y | N |
| -Omni Roam | Y | N |
| -Message Mgr | Y | N |
| -Card | Y | N |
| -M & I | Y | N |
| -Deductible | Y | N |
| -Quarterly | Y | N |
| -Annually | Y | N |
| -Due Date | Y | N |
| -Statement Needed | Y | N |
| -How To Use | Y | N |
| -Instruction Book | Y | N |
| -Signed & Initials | Y | N |

☐ Coam ☐ Rental ☐ $ ______ (Deposit) ☐ ______

-Account Type-
☐ New Account
☐ Reactivation
☐ Recrystal
☒ Add on
☐ Reseller
☐ Outside Sale
☐ Clovis
☐ Trade-in
Type: ______
Freq: ______
☐ ______
☐ Referred By: ______
☐ Newspaper
☐ TV ☐ Radio
☐ Friend ☐ Flyer

Paging Service
☐ Local
☐ Wide-Area
☐ New Mexico
☐ 152.480
☐ Local
☐ Panhandle
☐ 1/2 State
☐ Statewide
☐ Bi-State
☐ SouthCentral
☐ Nationwide
☐ Bi-State Kansas
☐ ______
☐ ______
☐ PageMart - local
☐ PageMart ______
☐ PageMart ______

| PAGER # | CAP CODE | PAGER TYPE | COLOR | FREQUENCY | BAUD |
|---|---|---|---|---|---|
| 164-4108 | 2169760 | Glenayre | Black | 940.3625 | |
| 164-4113 | 2170555(8) | Glenayre | Black | 940.3625 | |
| | | | | | |
| | | | | | |

RATE: Monthly___ Quarterly (circled) Semi-Annual___ Annual___

Basic Rate: 2 X 14.95

Options:

Processing:

TUSF: 5.78 per pager

Sub-Total

Sales Tax:

Total Billing Per Pager:

**Quarterly billing per pager:**

Semi-Annual per pager:

Annual per pager:

NOTICE: Pagers for non-payment are turned off on the 11th
Reactivation charge will be added to balance on all payments received after the 10th ______ Initial
(30) day waiting period on Insurance ______ Initial
Deductible Amount $______
Charge for overuse on 1-800 numbers $______ ______ Initial
Charge for overuse on alpha transcription $______ ______ Initial
Charge for overuse on nationwide service $______ ______ Initial
There is no refund for quarterly payments ______ Initial
If this is a rental unit, I understand and agree to the terms outlined on the reverse of this agreement

X [signature] CUSTOMER SIGNATURE

50.00 - Pager Activ & May
50.00 - Pager Activ & May
30.40 - June & July
30.40 June & July
160.80
5.78 TUSF
166.58
13.74
180.32

Deposit to Bank

SALESPERSON Terry

# SINCLAIR COMMUNICATIONS

"Home of the Cheaper Beeper" 806-374-2290

## SERVICE AGREEMENT

No:

DATE: 4.14.03 ACCOUNT # 

☐ INDIVIDUAL ☐ BUSINESS

(PLEASE PRINT) NAME Stephan Kimberlin

STREET 7909 Success

P.O. Box

CITY Amarillo STATE TX ZIP 79119

TELEPHONE NO. 806-353-8810

WORK NO. 336-0459

FAX

CUSTOMER CONTACT

DRIVERS LICENSE NO. TX 13335154

SOCIAL SECURITY NO. 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

For Office Use Only

☐ ANNUAL
☐ SEMI-
☒ QUARTERLY
☒ MONTHLY
☐ ______

FIRST BILL DATE: 5.1.03

DATE DUE: 5.6.03

PAYMENT METHOD: ✓
☐ CASH
☐ CHECK # ______
☐ VISA / AE / DISC / MC

-QUESTIONS-
-Special Y N
-______ Y N
-Coverage Type Y N
-Coverage for later Y N
-Omni Roam Y N
-Message Mgr Y N
-Card Y N
-M & I Y N
-Deductible Y N
-Quarterly Y N
-Annually Y N
-Due Date Y N
-Statement Needed Y N
-How To Use Y N
-Instruction Book Y N
-Signed & Initials Y N

☐ Coam ☐ Rental ☐ $ ______ ☐ ______ Deposit

-Account Type-
☒ New Account
☒ Reactivation
☐ Recrystal
☐ Add on
☐ Reseller
☐ Outside Sale
☐ Clovis
☐ Trade-in
Type: ______
Freq: ______
☐ ______
☐ Referred By: ______
☐ Newspaper
☐ TV ☐ Radio
☐ Friend ☐ Flyer

Paging Service
☐ Local
☐ Wide-Area
☐ New Mexico
☐ 152.480
☐ Local
☐ Panhandle
☐ 1/2 State
☐ Statewide
☐ Bi-State
☐ SouthCentral
☒ Nationwide
☐ Bi-State Kansas
☐ ______
☐ ______
☐ PageMart - local
☐ PageMart
☐ PageMart

| PAGER # | CAP CODE | PAGER TYPE | COLOR | FREQUENCY | BAUD |
|---|---|---|---|---|---|
| 4644383 | 21885179 | T900 | blk | 940.2625 | flex |
| | | | | | |
| 4644384 | 21698167 | glenayre | blk | 940.2625 | flex |
| | | | | | |

RATE: Monthly___ Quarterly X Semi-Annual___ Annual___

Basic Rate: T900 21.95; Glenayre 14.95

Options:

Processing: .2

TUSF: 3.15

Sub-Total 111.45

Sales Tax:

Total Billing Per Pager: quarter 120.95

**Quarterly billing per pager:**

Semi-Annual per pager:

Annual per pager:

NOTICE: Pagers for non-payment are turned off on the 11th. Reactivation charge will be added to balance on all payments received after the 10th ______ Initial

0 day waiting period on Insurance ______ Initial

Deductible Amount $______

Charge for overuse on 1-800 numbers $______ ______ Initial

Charge for overuse on alpha transcription $______ ______ Initial

Charge for overuse on nationwide service $ .05 ______ Initial

There is no refund for quarterly payments ______ Initial

If this is a rental unit, I understand and agree to the terms outlined on the reverse of this agreement

CUSTOMER SIGNATURE

| | |
|---|---|
| T900 react. | 10.00 |
| april airtime | 11.84 |
| glenayre | 50.00 |
| april airtime | 7.84 |
| tax | 9.67 |
| | 89.35 |

SALESPERSON Tina

Customer Record 06/13/03

SINCLAIR COMMUNICATIONS

1001 S. Georgia
Amarillo, TX 79102

| | | | |
|---|---|---|---|
| Account #: | 039587 | Store: | |
| Status: | Active Current | Balance: | 48.31 |
| Company: | CODY INVESTMENT SERVICES, INC. | Customer Since: | 04/14/03 |
| Name: | STEPHAN KIMBERLIN | Deposit: | 0.00 |
| Address: | 7909 SUCCESS | Monthly Discount: | 0.00 |
| | AMARILLO, TX 79119 | Bill Group: | 2 |
| Comment: | PURCHASED | Non-Billable: | No |
| Home Phone: | (806)353-8810 | Print Statements: | Yes |
| Ofc Phone: | (806)336-0456 | AutoPage when Billed: | Yes |
| DL: | | Reseller: | No |
| SSN/SIN: | | Charge Late Fees: | No |
| Birth date: | | Disconnect when Overdue: | Yes |
| Sales Tax: | | Sales Person: | TINA B. |
| Service Tax: | | Referred by: | |
| Notes: | | | |

| Pager | Vendor | Cap Code | Pager Phone # | Frequency | Date Activated |
|---|---|---|---|---|---|
| T900 | Weblink Wirel | 21885179 | (806)464-4383 | 940.2625 | 04/14/03 |
| Billing Cycle: Quarterly | | Charge: 74.20 | Rate Type: A | Status: Active | |
| Two Way -NW Lite B | | | | | |
| GLENAYRE | Weblink Wirel | 21698167 | (806)464-4384 | 940.2625 | 04/14/03 |
| Billing Cycle: Quarterly | | Charge: 50.78 | Rate Type: A | Status: Active | |
| Two Way - Local B | | | | | |
| GLENAYRE | Weblink Wirel | 21696760 | (806)464-4108 | 940.2625 | 04/22/03 |
| Billing Cycle: Quarterly | | Charge: 50.78 | Rate Type: A | Status: Active | |
| Two Way - Local B | | | | | |
| GLENAYRE | Weblink Wirel | 21705558 | (806)464-4113 | 940.2625 | 04/22/03 |
| Billing Cycle: Quarterly | | Charge: 50.78 | Rate Type: A | Status: Active | |
| Two Way - Local B | | | | | |

SINCLAIR COMMUNICATIONS

1001 S. Georgia
Amarillo, TX 79102

CODY INVESTMENT SERVICES, INC.
STEPHAN KIMBERLIN
7909 SUCCESS
AMARILLO, TX 79119

| Date | Transaction | Invoice # | Debit | Credit | Runni Total |
|---|---|---|---|---|---|
| 04/21/03 | Invoice for May 03 thru Jul 03 | 406466 | 124.98 | 124.98 | |
| 04/22/03 | POS Receipt 012553 | | 180.32 | 180.32 | |
| 06/09/03 | POS Receipt 012707 | | 48.31 | 0.00 | 4 |

Balance: 48.31

SINCLAIR COMMUNICATIONS
1001 S. Georgia
Amarillo, TX 79102

Date: 06/13/03
Statement #: 40[illegible]66
Due Date: 05/01/03
Page: 1

CODY INVESTMENT SERVICES, INC.
STEPHAN KIMBERLIN
7909 SUCCESS
AMARILLO, TX 79119

OUR CINGULAR STORE IS NOW OPEN AT 1500 AMARILLO BLVD EAST!!!
Office hours are Monday through Friday from 9:00 a.m. to 6:00 p.m. And Saturdays from 10:00 to 5:00.

Come see our friendly staff for all your communication needs!

| Date | Description | Charge | Credi |
|---|---|---|---|
| 04/21/03 | Pager: (806)464-4383 May 03 thru Jul 03 | 74.20 | 0 |
| | Two Way -NW Lite B | 0.00 | 0 |
| 04/21/03 | Pager: (806)464-4384 May 03 thru Jul 03 | 50.78 | 0 |
| | Two Way - Local B | 0.00 | 0 |

** PLEASE PAY THIS AMOUNT ** 124.98

"Thank you for your business"

---------- Detach here and return bottom portion with payment --------

CODY INVESTMENT SERVICES, INC.
STEPHAN KIMBERLIN
7909 SUCCESS
AMARILLO, TX 79119

Amount Due: 124.98
Account #: 039587

Make Payment Payable to: SINCLAIR COMMUNICATIONS

Mail To:
SINCLAIR COMMUNICATIONS
1001 S. Georgia
Amarillo, TX 79102

SINCLAIR COMMUNICATIONS
1001 S. Georgia
Amarillo, TX 79102

Date: 06/13/03
Sales Receipt: 012553

STEPHAN KIMBERLIN
7909 SUCCESS
AMARILLO, TX 79119

| QTY | Item # | Description | Price | Amount |
|---|---|---|---|---|
| 1 | | Purchase 2 Pagers-June and Jul | 180.32 | 180.32 |

| | |
|---|---|
| Sub Total: | 180.32 |
| Sales Tax: | 0.00 |
| Service Tax: | 0.00 |
| Payments: | 180.32 |
| CASH | |
| Change: | 0.00 |
| Balance: | 0.00 |

SINCLAIR COMMUNICATIONS

1001 S. Georgia
Amarillo, TX 79102

Date: 06/13/03
Sales Receipt: 012707

CODY INVESTMENT SERVICES, INC.
STEPHAN KIMBERLIN
7909 SUCCESS
AMARILLO, TX 79119

| QTY | Item # | Description | Price | Amount |
|---|---|---|---|---|
| 1 | | MAY OVERCALLS - 464-4108 | | |
| 1 | | 952 OVER 125 | 48.31 | 48.31 |

| | |
|---|---|
| Sub Total: | 48.31 |
| Sales Tax: | 0.00 |
| Service Tax: | 0.00 |
| Payments: | 0.00 |
| Change: | 0.00 |
| Balance: | 48.31 |

SX-16 CARPET

CAUSE NO. 15,307-A, IN THE 47TH DISTRICT COURT, RANDALL COUNTY, TEXAS, THE STATE OF TEXAS V. JOSHUA DAVID STOCKER

BY AGREEMENT OF ALL PARTIES, THE FOLLOWING EXHIBITS AS LISTED WILL BE ALLOWED TO BE RELEASED TO THE SPECIAL CRIMES UNIT

MS. C. J. MCELROY

MR. MIKE WATKINS

MR. JAMES FARREN

MR. JEREMY FOWLER

Karen

COPY

APPROVED BY:

HON. HAL MINER

SX-16

# JOSHUA DAVID STOCKER 15,307-A

ENTERED EVIDENCE TO GO BACK TO SPECIAL CRIMES

STATES:
16 - BROWN CARPET
18 - CARPET PADDING
22 - CONCRETE SACK
24 - SWABBING
31-38 - GREEN METAL SHEETS
39 - INKED PRINTS
53 - SOCK FROM POOL'S MOUTH
61 - GREEN PLASTIC TRASH CAN
62 - POOL'S WALLET
63 - MOTOROLA TALKABOUT PAGER
64 - HARDHAT FLASHLIGHT
65 - CHANNEL LOCK PLIERS
246 - MANDIBLE

SX-17 WALLET

CAUSE NO. 15,307-A, IN THE 47TH DISTRICT COURT, RANDALL COUNTY, TEXAS, THE STATE OF TEXAS V. JOSHUA DAVID STOCKER

BY AGREEMENT OF ALL PARTIES, THE FOLLOWING EXHIBITS AS LISTED WILL BE ALLOWED TO BE RELEASED TO THE SPECIAL CRIMES UNIT

MS. C. J. MCELROY

MR. MIKE WATKINS

Karen

MR. JAMES FARREN

COPY

MR. JEREMY FOWLER

APPROVED BY:

HON. HAL MINER

SX-17-Wallet

**JOSHUA DAVID STOCKER 15,307-A**

ENTERED EVIDENCE TO GO BACK TO SPECIAL CRIMES

STATES:
16 - BROWN CARPET
18 - CARPET PADDING
22 - CONCRETE SACK
24 - SWABBING
31-38 - GREEN METAL SHEETS
39 - INKED PRINTS
53 - SOCK FROM POOL'S MOUTH
61 - GREEN PLASTIC TRASH CAN
62 - POOL'S WALLET
63 - MOTOROLA TALKABOUT PAGER
64 - HARDHAT FLASHLIGHT
65 - CHANNEL LOCK PLIERS
246 - MANDIBLE

SX-18 CARPET PAD

CAUSE NO. 15,307-A, IN THE 47TH DISTRICT COURT, RANDALL COUNTY, TEXAS, THE STATE OF TEXAS V. JOSHUA DAVID STOCKER

BY AGREEMENT OF ALL PARTIES, THE FOLLOWING EXHIBITS AS LISTED WILL BE ALLOWED TO BE RELEASED TO THE SPECIAL CRIMES UNIT

MS. C. J. MCELROY

MR. MIKE WATKINS

James A. Farren

MR. JAMES FARREN

MR. JEREMY FOWLER

Karen

COPY

APPROVED BY:

Hal Miner

HON. HAL MINER

SX-18 Carpet Pad

# JOSHUA DAVID STOCKER 15,307-A

ENTERED EVIDENCE TO GO BACK TO SPECIAL CRIMES

STATES:
16 - BROWN CARPET
18 - CARPET PADDING
22 - CONCRETE SACK
24 - SWABBING
31-38 - GREEN METAL SHEETS
39 - INKED PRINTS
53 - SOCK FROM POOL'S MOUTH
61 - GREEN PLASTIC TRASH CAN
62 - POOL'S WALLET
63 - MOTOROLA TALKABOUT PAGER
64 - HARDHAT FLASHLIGHT
65 - CHANNEL LOCK PLIERS
246 - MANDIBLE

SX-19 RECEIPT

All Carpets Shampooed March 12, 200

100 MAIN STREET

VIRGINIA BEACH, VA 23455

...AND ...NO CENTS

Pd Cash $30.00

Released to Sgt Burgess
on 4/1/03
Veronica L. Zarabney
6374 6041 I40W

SV-19

SX-22 CONCRETE SACK

CAUSE NO. 15,307-A, IN THE 47TH DISTRICT COURT, RANDALL COUNTY, TEXAS, THE STATE OF TEXAS V. JOSHUA DAVID STOCKER

BY AGREEMENT OF ALL PARTIES, THE FOLLOWING EXHIBITS AS LISTED WILL BE ALLOWED TO BE RELEASED TO THE SPECIAL CRIMES UNIT

MS. C. J. MCELROY

MR. MIKE WATKINS

MR. JAMES FARREN

MR. JEREMY FOWLER

Karen

COPY

APPROVED BY:

HON. HAL MINER

SX-22 Concrete SACK

# JOSHUA DAVID STOCKER 15,307-A

ENTERED EVIDENCE TO GO BACK TO SPECIAL CRIMES

STATES:
16 - BROWN CARPET
18 - CARPET PADDING
22 - CONCRETE SACK
24 - SWABBING
31-38 - GREEN METAL SHEETS
39 - INKED PRINTS
53 - SOCK FROM POOL'S MOUTH
61 - GREEN PLASTIC TRASH CAN
62 - POOL'S WALLET
63 - MOTOROLA TALKABOUT PAGER
64 - HARDHAT FLASHLIGHT
65 - CHANNEL LOCK PLIERS
246 - MANDIBLE

SX-24 SWABBING

EAST WAll
7th above Step

03-23750
SR327
JAB #48R 6.17.03
1940
06-17-03
03-23750

#61

[redacted]

B

#2

ZSL-57238
(II)-(61) aee

[redacted]

SX-25-29 PHOTOS




Left view



Front view




Right view

SE-XS

Stns.
1, 2, 3 = Apparent tissue remnants collected

LSL-57238 Subm (V)
I (1) Mandible

COPY

2-4-04




① Mandible (back view)







① Mandible (Top view)

SX-26

L5L-57238 Subm(V)
Items (1+2) Mandible and maxilla

2-404

15h-57238 Subm(1)
Item (2) - Maxilla

COPY

View from underside




Right view




Left view




Front view




2-4-04

2C-45







LSL-57238
(V)-2-Maxilla
(Back molars removed from R+L sides of maxilla)

-COPY-

2-4-04
ACR

Item (I) -24 Carpet padding, top side




Item (I)-24 - Carpet padding - back side




Item (I)-11 Carpet swatch




Item (I)-23 carpet padding




15L-57238 (Subm. I) Items (11, 23, 24)

- COPY -

2-304/ARR

SX-31-38 METAL PIECES

CAUSE NO. 15,307-A, IN THE 47TH DISTRICT COURT, RANDALL COUNTY, TEXAS, THE STATE OF TEXAS V. JOSHUA DAVID STOCKER

BY AGREEMENT OF ALL PARTIES, THE FOLLOWING EXHIBITS AS LISTED WILL BE ALLOWED TO BE RELEASED TO THE SPECIAL CRIMES UNIT

MS. C. J. MCELROY

MR. MIKE WATKINS

MR. JAMES FARREN

MR. JEREMY FOWLER

Karen

COPY

APPROVED BY:

HON. HAL MINER

SX-31-38 metal Pieces

# JOSHUA DAVID STOCKER 15,307-A

ENTERED EVIDENCE TO GO BACK TO SPECIAL CRIMES

STATES:
16 - BROWN CARPET
18 - CARPET PADDING
22 - CONCRETE SACK
24 - SWABBING
31-38 - GREEN METAL SHEETS
39 - INKED PRINTS
53 - SOCK FROM POOL'S MOUTH
61 - GREEN PLASTIC TRASH CAN
62 - POOL'S WALLET
63 - MOTOROLA TALKABOUT PAGER
64 - HARDHAT FLASHLIGHT
65 - CHANNEL LOCK PLIERS
246 - MANDIBLE

SX-39 ENVELOPE

CAUSE NO. 15,307-A, IN THE 47TH DISTRICT COURT, RANDALL COUNTY, TEXAS, THE STATE OF TEXAS V. JOSHUA DAVID STOCKER

BY AGREEMENT OF ALL PARTIES, THE FOLLOWING EXHIBITS AS LISTED WILL BE ALLOWED TO BE RELEASED TO THE SPECIAL CRIMES UNIT

MS. C. J. MCELROY

MR. MIKE WATKINS

Karen

MR. JAMES FARREN

COPY

MR. JEREMY FOWLER

APPROVED BY:

HON. HAL MINER

5x 39- envelope

# JOSHUA DAVID STOCKER 15,307-A

ENTERED EVIDENCE TO GO BACK TO SPECIAL CRIMES

STATES:
16 - BROWN CARPET
18 - CARPET PADDING
22 - CONCRETE SACK
24 - SWABBING
31-38 - GREEN METAL SHEETS
39 - INKED PRINTS
53 - SOCK FROM POOL'S MOUTH
61 - GREEN PLASTIC TRASH CAN
62 - POOL'S WALLET
63 - MOTOROLA TALKABOUT PAGER
64 - HARDHAT FLASHLIGHT
65 - CHANNEL LOCK PLIERS
246 - MANDIBLE

SX-53 SOCK

CAUSE NO. 15,307-A, IN THE 47TH DISTRICT COURT, RANDALL COUNTY, TEXAS, THE STATE OF TEXAS V. JOSHUA DAVID STOCKER

BY AGREEMENT OF ALL PARTIES, THE FOLLOWING EXHIBITS AS LISTED WILL BE ALLOWED TO BE RELEASED TO THE SPECIAL CRIMES UNIT

C J McElroy

MS. C. J. MCELROY

MR. MIKE WATKINS

James A. Farren

MR. JAMES FARREN

MR. JEREMY FOWLER

Karen

COPY

APPROVED BY:

Hal Miner

HON. HAL MINER

SX-53-Sock

# JOSHUA DAVID STOCKER 15,307-A

ENTERED EVIDENCE TO GO BACK TO SPECIAL CRIMES

STATES:
16 - BROWN CARPET
18 - CARPET PADDING
22 - CONCRETE SACK
24 - SWABBING
31-38 - GREEN METAL SHEETS
39 - INKED PRINTS
53 - SOCK FROM POOL'S MOUTH
61 - GREEN PLASTIC TRASH CAN
62 - POOL'S WALLET
63 - MOTOROLA TALKABOUT PAGER
64 - HARDHAT FLASHLIGHT
65 - CHANNEL LOCK PLIERS
246 - MANDIBLE

SX-61 TRASH CAN

CAUSE NO. 15,307-A, IN THE 47TH DISTRICT COURT, RANDALL COUNTY, TEXAS, THE STATE OF TEXAS V. JOSHUA DAVID STOCKER

BY AGREEMENT OF ALL PARTIES, THE FOLLOWING EXHIBITS AS LISTED WILL BE ALLOWED TO BE RELEASED TO THE SPECIAL CRIMES UNIT

MS. C. J. MCELROY

MR. MIKE WATKINS

MR. JAMES FARREN

MR. JEREMY FOWLER

Karen

COPY

APPROVED BY:

HON. HAL MINER

SX-61-Trashcan

# JOSHUA DAVID STOCKER 15,307-A

ENTERED EVIDENCE TO GO BACK TO SPECIAL CRIMES

STATES:
16 - BROWN CARPET
18 - CARPET PADDING
22 - CONCRETE SACK
24 - SWABBING
31-38 - GREEN METAL SHEETS
39 - INKED PRINTS
53 - SOCK FROM POOL'S MOUTH
61 - GREEN PLASTIC TRASH CAN
62 - POOL'S WALLET
63 - MOTOROLA TALKABOUT PAGER
64 - HARDHAT FLASHLIGHT
65 - CHANNEL LOCK PLIERS
246 - MANDIBLE

SX-62 WALLET

CAUSE NO. 15,307-A, IN THE 47TH DISTRICT COURT, RANDALL COUNTY, TEXAS, THE STATE OF TEXAS V. JOSHUA DAVID STOCKER

BY AGREEMENT OF ALL PARTIES, THE FOLLOWING EXHIBITS AS LISTED WILL BE ALLOWED TO BE RELEASED TO THE SPECIAL CRIMES UNIT

CJ McElroy

MS. C. J. MCELROY

MR. MIKE WATKINS

James A. Farren

MR. JAMES FARREN

MR. JEREMY FOWLER

Karen

COPY

APPROVED BY:

Hal Miner

HON. HAL MINER

SX-62 Wallet

# JOSHUA DAVID STOCKER 15,307-A

ENTERED EVIDENCE TO GO BACK TO SPECIAL CRIMES

STATES:
16 - BROWN CARPET
18 - CARPET PADDING
22 - CONCRETE SACK
24 - SWABBING
31-38 - GREEN METAL SHEETS
39 - INKED PRINTS
53 - SOCK FROM POOL'S MOUTH
61 - GREEN PLASTIC TRASH CAN
62 - POOL'S WALLET
63 - MOTOROLA TALKABOUT PAGER
64 - HARDHAT FLASHLIGHT
65 - CHANNEL LOCK PLIERS
246 - MANDIBLE

SX-63 PAGER

CAUSE NO. 15,307-A, IN THE 47TH DISTRICT COURT, RANDALL COUNTY, TEXAS, THE STATE OF TEXAS V. JOSHUA DAVID STOCKER

BY AGREEMENT OF ALL PARTIES, THE FOLLOWING EXHIBITS AS LISTED WILL BE ALLOWED TO BE RELEASED TO THE SPECIAL CRIMES UNIT

MS. C. J. MCELROY

MR. MIKE WATKINS

Karen

MR. JAMES FARREN

COPY

MR. JEREMY FOWLER

APPROVED BY:

HON. HAL MINER

SX. 63 page 1

## JOSHUA DAVID STOCKER 15,307-A

ENTERED EVIDENCE TO GO BACK TO SPECIAL CRIMES

STATES:
16 - BROWN CARPET
18 - CARPET PADDING
22 - CONCRETE SACK
24 - SWABBING
31-38 - GREEN METAL SHEETS
39 - INKED PRINTS
53 - SOCK FROM POOL'S MOUTH
61 - GREEN PLASTIC TRASH CAN
62 - POOL'S WALLET
63 - MOTOROLA TALKABOUT PAGER
64 - HARDHAT FLASHLIGHT
65 - CHANNEL LOCK PLIERS
246 - MANDIBLE

SX-64 LIGHTING

CAUSE NO. 15,307-A, IN THE 47TH DISTRICT COURT, RANDALL COUNTY, TEXAS, THE STATE OF TEXAS V. JOSHUA DAVID STOCKER

BY AGREEMENT OF ALL PARTIES, THE FOLLOWING EXHIBITS AS LISTED WILL BE ALLOWED TO BE RELEASED TO THE SPECIAL CRIMES UNIT

CJ McElroy

MS. C. J. MCELROY

MR. MIKE WATKINS

James A. Farren

MR. JAMES FARREN

MR. JEREMY FOWLER

Karen

COPY

APPROVED BY:

Hal Miner

HON. HAL MINER

SX-64 - Flashlight

# JOSHUA DAVID STOCKER 15,307-A

ENTERED EVIDENCE TO GO BACK TO SPECIAL CRIMES

STATES:
16 - BROWN CARPET
18 - CARPET PADDING
22 - CONCRETE SACK
24 - SWABBING
31-38 - GREEN METAL SHEETS
39 - INKED PRINTS
53 - SOCK FROM POOL'S MOUTH
61 - GREEN PLASTIC TRASH CAN
62 - POOL'S WALLET
63 - MOTOROLA TALKABOUT PAGER
64 - HARDHAT FLASHLIGHT
65 - CHANNEL LOCK PLIERS
246 - MANDIBLE

SX-65 PLIERS

CAUSE NO. 15,307-A, IN THE 47TH DISTRICT COURT, RANDALL COUNTY, TEXAS, THE STATE OF TEXAS V. JOSHUA DAVID STOCKER

BY AGREEMENT OF ALL PARTIES, THE FOLLOWING EXHIBITS AS LISTED WILL BE ALLOWED TO BE RELEASED TO THE SPECIAL CRIMES UNIT

CJ McElroy

MS. C. J. MCELROY

MR. MIKE WATKINS

James A. Farren

MR. JAMES FARREN

MR. JEREMY FOWLER

Karen

COPY

APPROVED BY:

Hal Miner

HON. HAL MINER

SX-65 - Shirt

# JOSHUA DAVID STOCKER 15,307-A

ENTERED EVIDENCE TO GO BACK TO SPECIAL CRIMES

STATES:
16 - BROWN CARPET
18 - CARPET PADDING
22 - CONCRETE SACK
24 - SWABBING
31-38 - GREEN METAL SHEETS
39 - INKED PRINTS
53 - SOCK FROM POOL'S MOUTH
61 - GREEN PLASTIC TRASH CAN
62 - POOL'S WALLET
63 - MOTOROLA TALKABOUT PAGER
64 - HARDHAT FLASHLIGHT
65 - CHANNEL LOCK PLIERS
246 - MANDIBLE

SX-69-241 PHOTOS

SX-69





SX-70



SX-71

SX-72





SX-23

SX-74



SX-75



SX-76



SF-77





SX-28

SF-79



5x-80







5x-83





SX 84

SX-85





SX-86

Ex 87





SX-88

5X-89





Sx-90



SX 91





SX-93



SX-94



SX-95



SF-96



SX-97

Sx 98



Sx-99





SC-100

SX-101





SX-103





D-109



SX-105

SX-106





Ex-107

SX-108



SX-109





5x10

SX-111





SX-119

SX-113





SX-114





SX-115



9-11-75



SX-117

SX-118





SX-115

Ex-120



SX-1(e)



SX-122



SX-123



SX-124



SX-125



9-12-95



5-X-107



SX-1-128



SX-129



SX-130





SX-132



St 133



Sx134



SD-135



SX-136



SX-137



SX-138





SX-139

SX-140



SX-121



JK-142





SX-143

SX-144



Sx-145





SX-1/96

SX-147



SX-148



SX-149





SX-150

ST-15



SX-15



SX-153



Sx-154



SX-155





SX-156



SX-157



SX 158

SX-159



SF-160







162-25




St-163



SX-164



SF-166



SX-167



S0-168





SX-169



Sx-170

121-85



SX-172



SK-123





SX-174



SK-175



S-1-26

SX-177





SX-1728



SF-180



SX-181






SX-182

SX-183



SX-184





SX-185



SX-1782

SX-187



SX-188

DX-185





SX-190



SX-191

SX-192





SX-193



SX-194



SX-195

Sx-196





SF-197

SX-198






SX-199







SX-202

Sx-203



SK-204



SX-205






SX-206





SX-208

SX-209





SX-210

SX-21





5-2-13



373

SX-214





SX-216



St-217





SX-218



SX-2-19




FRAGILE
FRAGILE





SX-8-4



SX-225





SX-227

X-229



SX-230



SX-231



St-232





SX-233



SF-234

SX-235



SX-236






S-237



SX-238



SX-239

240-75



Sx-341



SX-246 MANDIBLE

CAUSE NO. 15,307-A, IN THE 47TH DISTRICT COURT, RANDALL COUNTY, TEXAS, THE STATE OF TEXAS V. JOSHUA DAVID STOCKER

BY AGREEMENT OF ALL PARTIES, THE FOLLOWING EXHIBITS AS LISTED WILL BE ALLOWED TO BE RELEASED TO THE SPECIAL CRIMES UNIT

MS. C. J. MCELROY

MR. MIKE WATKINS

Karen

James A. Farren

MR. JAMES FARREN

COPY

MR. JEREMY FOWLER

APPROVED BY:

Hal Miner

HON. HAL MINER

SX-246 Mandelke

**JOSHUA DAVID STOCKER 15,307-A**

ENTERED EVIDENCE TO GO BACK TO SPECIAL CRIMES

STATES:
16 - BROWN CARPET
18 - CARPET PADDING
22 - CONCRETE SACK
24 - SWABBING
31-38 - GREEN METAL SHEETS
39 - INKED PRINTS
53 - SOCK FROM POOL'S MOUTH
61 - GREEN PLASTIC TRASH CAN
62 - POOL'S WALLET
63 - MOTOROLA TALKABOUT PAGER
64 - HARDHAT FLASHLIGHT
65 - CHANNEL LOCK PLIERS
246 - MANDIBLE


PR9-1-1 GIS RESEARCH
N
CellTowers
ESN
10
11
12
roads
cntyhydro
County Limit
CNYNAME
Potter
Randall
OLD RAIL DATA
Corrected2

6/16/03

Sridhar Natarajan, M.D.
*Chief Medical Examiner*

obert E. Lyon, D.O.
*Deputy Medical Examiner*

COUNTY MEDICAL EXAMINER

THE STATE OF TEXAS
LUBBOCK COUNTY

Robert C. [illegible], F-ABMDI
*Senior Administrator/Chief Investig*

Rena Mashburn
*Administrative Assistant*

[redacted]

## CHAIN OF CUSTODY / RECEIPT FOR PROPERTY OR EVIDENCE

Autopsy Number FA03-0439.
Deceased Name DOE, JOHN - (DUSTIN SHAW POOLE)
Pathologist DR. NATARAJAN

Date Received ______
Date Examined ______

**RECEIPT OF THE FOLLOWING ITEMS IS HEREBY ACKNOWLEDGED:**

1. MANDABLE -
2. UPPER PALATE
3. ______
4. ______
5. ______
6. ______
7. ______
8. ______
9. ______
10. ______

**FIRST CHANGE**

SIGNATURE OF PERSON RELEASING CUSTODY: Jerry R Hendrick

PRINTED NAME OF PERSON RELEASING CUSTODY: JERRY R. HENDRICK

SIGNATURE OF PERSON ACCEPTING CUSTODY: Sgt. Jim Burgess #488

PRINTED NAME OF PERSON ACCEPTING CUSTODY: Sgt Jim Burgess #488

AGENCY Amarillo Spcl Crimes PHONE: 806-378-9468
DATE JAN-27-2004 TIME: 11:30 AM

SX-253 LAB FORM

TEXAS DEPARTMENT OF PUBLIC SAFETY

CRIME LABORATORY SERVICE
Laboratory Submission Form

Lab Case # L5L-57238

Agency Case Number: 03-23750
Offense: Capital Murder
Date of Offense: March 10, 2003
County of Offense: Randall County
Agency: Potter/Randall Special Crimes Unit - Amarillo, TX

RECEIVED
JAN 2 7 2004
LUBBOCK DPS LAB

Date Evidence Rec'd

Case Contact Person
Name: Sgt. Jim Burgess
Title: Police Officer
Mailing Address: 200 SE 3rd
Phone: 806-378-9468
Fax: 806-378-938
City, State Zip Code: Amarillo, Tx 79101
Email Address: jim.burgess@ci.amarillo.tx.us

| Suspect | Victim | Name (Last, First Middle) | Race | Sex | DOB | DL# / SS# / ID# |
|---|---|---|---|---|---|---|
| ☐ | ☑ | Pool, Dustin Shawn | W | M | | |
| ☐ | ☐ | | | | | |
| ☐ | ☐ | | | | | |
| ☐ | ☐ | | | | | |

## Description of Evidence Submitted

| Exhibit # | Number of Items | Description of Evidence | Origin | Exam Requested |
|---|---|---|---|---|
| 1 | ONE | Mandible from Skull of Victim Pool 10 teeth bottom pallet 11-upper | Autopsy | DNA |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |

For some non-drug cases, it may be appropriate to attach a copy of the offense report.
Please include brief case synopsis, unusual examination(s) requested, and/or relevant case priority information.

Are known standards (blood, saliva, hair, inked prints, clothing, fabrics, etc.) submitted for comparison? ☐ Yes ☐ No
Have any of these exhibits been previously analyzed by a laboratory? ☐ Yes ☐ No If so, What Exhibit #'s?

Page 1 of 1

LAB-06 Rev.00 (11/2002)

SX-253

SX-254 INDICTMENT

54

Original Matter No. 1154-03-B
Date of Offense: February 24, 2003
Name: RAYMOND PLASENCIO d.o.b.: 04-02-78

| Code | Offense | Citation | Pun. |
|---|---|---|---|
| 09990019C | CONSPIRACY TO COMMIT MURDER | 19.02(b)(1) PC | F2 Enh By 12.42(d) P. C. |

Cause No. 47901-B

## INDICTMENT

In the name and by the Authority of the State of Texas:

THE GRAND JURORS for the County of Potter, State of Texas, duly organized and sworn as such at the JULY Term A.D., 2003 of the District Court of the 181st Judicial District, in and for Potter County, upon their oaths in that Court present that RAYMOND PLASENCIO, hereinafter referred to as defendant, on or about the 24th day of February, 2003 and before the presentment of this indictment, in the Potter County, Texas, with intent that a felony, to wit: the murder of Richard Preciado, be committed, did then and there agree with Robert Lee Ocanas, Ricky Ricardo Gallegos, Ruben Valadez, and Vicente Flores that they would engage in conduct that would constitute said offense, and the said defendant did an overt act in pursuance to said agreement, to wit: the said defendant on or about February 24, 2003 stabbed the said Richard Preciado with a knife, causing the death of the said Richard Preciado.

## ENHANCEMENT PARAGRAPH ONE

And the Grand Jury further presents that before the commission of the primary offense, the defendant was finally convicted of the felony offense of possession of a controlled substance in cause number 42,271-B of the 181st District Court of Potter County, Texas on the 29th day of March, 2001.

Against the peace and dignity of the State.

Melanie Dennis
Foreman of the Grand Jury

FILED
CAROLINE WOODBURN
DISTRICT CLERK

2003 OCT -2 P 3: 35

POTTER COUNTY, TEXAS

BY________DEPUTY

SX-259 PHOTO

Claw views as seen from (Side 2)







6SE-XS

LSK-57238 -Item (IV)-214 [Pliers]

- COPY -

(Stn. 1)-Swabbed claws completely, both sides and between teeth

(Stn 2)-Swabbed both handles completely.

3-04

SX-260 STATEMENT

# STATEMENT

Statement of Michael Wayne Elliston, taken on this 23rd day of June 2003 at 10:03 PM, I was warned at 501 Main St., Panhandle, Carson County, Texas by Sgt. Mark Brown, the person to whom I am making this statement prior to any questioning to me by a peace officer: MW (1) I have the right to remain silent an not make any statement at all and that any statement I make may be used against me at my trial; (2) that any statement I make may be used as evidence against me in court; (3) that I have the right to have a lawyer present to advise me prior to an during any questioning; (4) that if I am unable to employ a lawyer, I have the right to have a lawyer appointed to advise me prior to and during any questioning and (5) that I have the right to terminate the interview at any time. MW

Prior to and during the making of the statement, I have and do hereby knowingly, intelligently, and voluntary waive the above explained rights and I do make the following voluntary statement to the aforementioned person of my own free will and without any promises or offers of leniency or favors, and without compulsion or persuasion by any person or persons whomsoever. Mel W. Elliston

Today is June 23, 2003, and I want to say that on June 17th 2003 I gave a statement to Sgt. Brown about my involvement and others in the disappearance and murder of Dustin Pool. I did not tell Sgt. Brown of about my entire involvement but now I want to. The first time I became involved in the disappearance of Dustin Pool was on a morning of a day about the middle of March when I received a phone call from Craig Kimberlin. Craig asked me if I had a box or anything he could use to transport some goods. He kind of hinted he it needed something that he could transport some stuff without being seen. He said that he needed a box big enough for him to get into. I told him I would have to think about it for a minute and that he would have to call me. I was hoping that he would not call me back. I was hoping he would not call because every time he called I was put into a situation where I was uncomfortable. Craig called me back a couple of times but I did not answer hoping that he would call someone else. I finally answered his call and it was about 10:00 AM. Craig asked me if I found anything out there that could help him. I said yes. Craig told me to bring it to the apartments behind Albertsons, the one on I-40 and Bell. Craig told me he would come down the stairs and would explain to me what was going on. I got to the apartment about 11:00 or 11:30 in the morning. When I got to the apartment I called Craig and told him I was there. Craig came down right then. Craig got in the truck and I began driving around and Craig began to explain to me what was going on. Craig told me some of the history of this guy he called DP. He told me that he had run a family off the road and that this guy was on charges of rape and was just all around bad news. Craig told me that Josh Stocker was going to teach him a lesson. I have heard this stuff before from Stocker, about him bragging about getting people to pay, which involved a lot of physical violence. Craig told me that Stocker wanted to take care of this guy right in the apartment and Craig said that the reason he got involved was because Stocker was getting to crazy and Craig said that he could calm things down if he got this guy DP out of the apartment. Because how I knew how Stocker was and I could imagine Stocker being crazy like as Craig described. I thought Craig was right about things calming down if the guy was taken out of the apartment. I was more in the understanding that this situation was over a girl. Craig told me that the girl told Josh Stocker when DP was coming over in the apartment and she had set Dustin Pool up. I believed that this guy Pool was hassling this girl and that she had a kid. I believed I was helping this girl by hauling this guy off. After driving around Craig and I put the box on a dolly and wheeled it in there. The box was about the size of a small apartment size refrigerator that I had gutted and put plywood in. The refrigerator was green about the same color as my pick-up. We took the box and put it in the elevator. Craig rode in the elevator with the box and I took the stairs. I went to the apartment and the kitchen was off to the side. I saw Dustin sitting on the couch, I think about the middle of the room. I saw Dustin with a tan or dull white pillowcase over his head. It did have some blood on it, I did see that. I went into the kitchen and while I was there, I heard Craig and Josh were talking to him and telling him he had a choice. They told him that they would take off the pillow case and let him walk out on his own if he would not yell out and walk out like a man.

Signed this 24th day of June, 2003 at 12:47 o'clock A M, at 501 Main St. Panhandle, TX

DEFENDANT Mel W. Elliston

WITNESS Sgt Mark Brown #485

WITNESS Sgt [illegible] #488

SX-260

page 1 of 4

# STATEMENT

Statement of Michael Wayne Elliston, taken on this 23rd day of June 2003 at 10:03 PM, I was warned at 501 Main St., Panhandle, Carson County, Texas by Sgt. Mark Brown, the person to whom I am making this statement prior to any questioning to me by a peace officer: (1) I have the right to remain silent an not make ny statement at all and that any statement I make may be used against me at my trial; (2) that any statement I make may be used as evidence against me in court; (3) that I have the right to have a lawyer present to advise me prior to an during any questioning; (4) that if I am unable to employ a lawyer, I have the right to have a lawyer appointed to advise me prior to and during any questioning and (5) that I have the right to terminate the interview at any time.

Prior to and during the making of the statement, I have and do hereby knowingly, intelligently, and voluntary waive the above explained rights and I do make the following voluntary statement to the aforementioned person of my own free will and without any promises or offers of leniency or favors, and without compulsion or persuasion by any person or persons whomsoever.

Josh Stocker was more aggressive toward Dustin but Craig was calmer. Craig had come into the kitchen and told me that he had not been there very long and that Stocker had called him. Craig said that "here I am, having to ask a friend to help me out because a friend had to ask me to help him out." When they asked Pool if he wanted to walk out, Pool said that he did not think that he could because his balance was not too good. Craig told him that nothing would happen to him if he got in the box. Pool seemed very cooperative because I did not hear him put up a struggle or anything. I think Pool was cooperative because Craig added some stability to the situation because Stocker was in that mean mold because he would over emphasize things. Just to tell you the state of mind of Stocker, I was in the kitchen and had open the mini blinds a little and Stocker came in and he was angry that I had done so and said that the blinds had been closed and kept them that way, that people could see that the blinds have been opened and know that something has gone on or in the apartment. Craig first said that he would put Pool in the back of his pickup. But he didn't know where to take him and asked if he could bring Pool out to my place for a while until he could figure something out. The original plan was that I was just going to bring the box and drop it off. But as things progressed it changed. Craig asked me if I would drive him out there to my place. Craig said that since his pickup was red and the box was green, he was afraid that it would stick out and draw attention. I agreed to let them bring him out to my place. So I went down stairs and backed my pickup close to where they would come out. Craig and Stocker rolled him out and put him in the back of my pickup. They told me that they would be right behind me. We drove out , I drove my pickup, and Stocker rode with Craig in Craig's pickup. The only people I saw in the apartment when I was there were Pool, Stocker, Craig and me, but I later learned that the girl and Stocker's younger brother were there. They were in a back bedroom and had remained quiet. I learned this later through Craig. When we got to my place I backed my pickup into the garage. I called Craig on the cell phone and told him that they were not behind me and I did not like this. He told me that he was taking his time of getting out there to make sure not one was following them. It was about 12:30 or 1:00 pm by this time. When I got to my place I believed that Dustin was asleep, I could hear him breathing. Dustin woke up before Craig and them got there and I realized that he had an attitude. I was not expecting this from one who was in a situation like this. He was threatening me by saying "get me out of this or I going to kick your ass". I did not expect this type of reaction from someone who was in this situation. Pool was in the box that I had brought and it was held by tie down strap. I believe it was red. I called Craig again and Craig told me that if I was so concern about it that I could get him out myself. Craig said that they be out there in a minute that they were on a dirt road. They finally showed up and I believe it was about 1:30 or 2:00 pm at this time. When they got there I told them I was going to the office. They unloaded him and got him out of the box and told him where to put his feet and how to get upstairs. Again, Craig seemed very sensitive to this guys needs. Craig and Josh helped him up the stairs. They were up there with Dustin for about ten minutes when Craig came down the stairs. Craig told me that everything was fine, that Stocker and

Signed this 24th day of June, 2003 at 12:42 o'clock A M, at 501 Main St. Panhandle, TX

DEFENDANT *M. W. Elliston*

WITNESS *Sgt Mark Brown #485*

WITNESS *Sgt. Burgen #48[illegible]*

*Page 2 of 4*

# STATEMENT

Statement of Michael Wayne Elliston, taken on this 23rd day of June 2003 at 10:03 PM, I was warned at 501 Main St., Panhandle, Carson County, Texas by Sgt. Mark Brown, the person to whom I am making this statement prior to any questioning to me by a peace officer: (1) I have the right to remain silent an not make any statement at all and that any statement I make may be used against me at my trial; (2) that any statement I make may be used as evidence against me in court; (3) that I have the right to have a lawyer present to advise me prior to an during any questioning; (4) that if I am unable to employ a lawyer, I have the right to have a lawyer appointed to advise me prior to and during any questioning and (5) that I have the right to terminate the interview at any time.

Prior to and during the making of the statement, I have and do hereby knowingly, intelligently, and voluntary waive the above explained rights and I do make the following voluntary statement to the aforementioned person of my own free will and without any promises or offers of leniency or favors, and without compulsion or persuasion by any person or persons whomsoever.

him were going to talk to him, get some information from him and take him to a motel and let him go. Craig said that he had to go back in town and that he would not be very long. I think he said he to do something with his kid or wife, I don't remember what it was, but it wasn't to go get someone and bring them back. While Craig was gone, Stocker was running the guy down verbally and few times I could hear Stocker hit him. I don't know what Stocker was hitting him with but it sounded like Stocker was knocking him down on the floor. One time Stocker came down and tried to get me to go up there because Stocker thought he was getting loose. On his was back up the stairs Stocker grabbed a ¾" black pipe about 2 to 2 1/2' long. I heard Stocker hit Dustin with the pipe because I heard Dustin cry out and moan. I think Dustin hit him more times than a human could take. It sounded like Stocker was hitting him, knocking him down and picking him and hitting him to knock him down again. Dustin continued to cry out and moan. Before Craig returned, my wife Judy came home from work. Josh was pretty concern about who was driving up in the driveway. I showed Stocker on my security camera who it was, that it was my wife. I went out side and told my wife that they were having a "session in session". Between my wife and I, that meant that Craig was there cooking dope. She did not question this, because she knew that when Craig came out he would pull into the garage. My wife was upset because we agreed not to cook dope anymore out at our place. It was not too much longer before Craig arrived with Frank Chacon, and Josh Bledsoe in Bledsoe's dark gray or black Navigator. This was about 6:00 pm because my wife got home from work about 5:30 or 5:45 pm. I pulled my pickup out of the garage and before they got there and Bledsoe back in the garage. Stocker came down from upstairs and guided Bledsoe backing into the garage. Craig told me that part of the reason they were doing this is because Dustin had threaten Craig's family and that if he had left family out of this things would have been different. Craig said that he was not only helping out Stocker but basically no one threatens his family. Bledsoe went up the stairs just as soon as he could. He came down and told us what he had done and goes back up and a short time later come down and told us what else he had done. Bledsoe was basically bragging about what he was doing to Dustin. He acted like it was some kind of game. Craig told Bledsoe that he was not impressing me but rather upsetting me. It didn't seem to phase him much because he went back up and came back down a short time later with a stick and said that Dustin was no longer a virgin. Bledsoe said that he had stuck the stick up Dustin's ass and then showed us on the stick how far he had pushed the stick up his ass. From where Bledsoe indicated on the stick, I estimate that he had pushed the stick about 10" to 12". Sometime later my wife called me on my cell phone and asked how much longer this was going to go on. She did not see anybody or know who was there. I went inside to talk to my wife. A few minutes later I returned and Frank was the only one in the office. Craig quickly came down from upstairs when I came to the office. I pled with them to get the guy out of there before he died. Craig said that he promised to get the guy out of there before my wife got there, but now it was about 10:00pm. I could hear Bledsoe laughing like a hyena from upstairs. Every once in awhile I could hear Dustin crying out in agony.

Signed this 24th day of June, 2003 at 1247 o'clock A M, at 501 Main St. Panhandle, TX

DEFENDANT [illegible signature]

WITNESS [illegible signature] #485

WITNESS [illegible signature] #488

# STATEMENT

Statement of Michael Wayne Elliston, taken on this 23rd day of June 2003 at 10:03 PM, I was warned at 501 Main St., Panhandle, Carson County, Texas by Sgt. Mark Brown, the person to whom I am making this statement prior to any questioning to me by a peace officer: (1) I have the right to remain silent an not make any statement at all and that any statement I make may be used against me at my trial; (2) that any statement I make may be used as evidence against me in court; (3) that I have the right to have a lawyer present to advise me prior to an during any questioning; (4) that if I am unable to employ a lawyer, I have the right to have a lawyer appointed to advise me prior to and during any questioning and (5) that I have the right to terminate the interview at any time.

Prior to and during the making of the statement, I have and do hereby knowingly, intelligently, and voluntary waive the above explained rights and I do make the following voluntary statement to the aforementioned person of my own free will and without any promises or offers of leniency or favors, and without compulsion or persuasion by any person or persons whomsoever.

would transport Dustin away from the farm. I told him no, I felt I had done too much and gone too far. It was sometime after 12:30 am or 1:00 am when they had wrapped Dustin in the tarp and Bledsoe dragged him down the stairs and loaded Dustin in Bledsoe's Navigator. Bledsoe and Stocker left in the Navigator and I took Craig and Frank Chacon back into town. I took them to Craig's house on Success. At this time I did not know where Bledsoe and Stocker had gone. It was not until the next day when Craig told me about what happen afterwards. When I arrived at Craig's house with him and Frank I dropped them off and went straight home. It was about 3:00 am when I got home. I Owed Craig Kimberlin $1500.00 and Craig wiped my debt off the books for helping him out in this situation. I did feel uncomfortable about that. The above is true and correct to the best of my knowledge. I have read this statement.XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXNOTHING BELOW THIS LINEXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

Signed this 24th day of June, 2003 at 1:40 o'clock A M, at 501 Main St. Panhandle, TX

WITNESS Sgt Mark Brown #485 DEFENDANT [signature]

WITNESS Sgt. Jim Burgess #488

SX-265-269 PHOTOS

Sx-265





SE-287





258



SX-269

SX-270 SKETCH

Sx270




| | |
|---|---|
| 03-23750 | HOMICIDE |
| [illegible]040 BELPREE #G373 | 03-27-03 |
| DRAWN BY SGT. CRANDELL & DEP. RODEN | |
| NOT TO SCALE | |



SX-271 SKETCH







| | |
|---|---|
| Incident #: 2003-23750 | |
| Address: 380 County Road 307 Carson County, Texas | |
| Page 1 of 1 | |
| Created: 06/24/2003 | Time: 5:12:38 PM |
| Drawn By: Cpl Stan Rickwartz | |

[redacted]

SX-272 SKETCH

[redacted]


N
0
W
270
E
90
S
180
26' 3"
2' 7"
16' 7"
14' 2"
2' 2"
6"
Incident #: 2003-23750
Address: Railroad 563
Drawn By: Cpl
Rickwartz

SX-273 SKETCH




**Incident #:** 2003-23750
**Address:** Railroad 563

**Drawn By:** Cpl Stan Rickwartz

[redacted]

SX-274 REPORT

# TEXAS DEPARTMENT OF PUBLIC SAFETY

TEXAS DPS CRIME LABORATORY
P.O. BOX 420
LUBBOCK, TEXAS 79408-4491
Voice 806-472-2832 Fax 806-472-2841

THOMAS A. DAVIS, JR.
DIRECTOR

DAVID McEATHRON
ASST. DIRECTOR

COMMISSION
COLLEEN McHU
CHAIRMAN

ROBERT B. HOL
COMMISSIONE

January 20, 2004

[redacted]

Jim Burgess
Potter/Randall Co Special Crimes
200 SE 3rd
Amarillo, Texas 79101

| Laboratory Case Number | Agency Case Number | Offense Date |
|---|---|---|
| L5L- 57238 | 03-23750 | 03/13/03 |

**Suspect(s)**
BLEDSOE, Joshua Craig
CHACON, Frank
ELLISTON, Michael Wayne
HALE, Tyler Sean
KIMBERLIN, Stephen Craig
PATRICK, Tori Brooke
STOCKER, Michael Jeffery
STOKER, Joshua David

**Victim(s)**
POOL, Dustin Shawn

COPY FOR PROSECUTING ATTORNEY

**Offense:** Criminal Offense
**County of Offense:** Potter (188)

**Evidence Submitted**

Submission I on June 10, 2003 by Federal Express # 7922 6416 8484

Submission II on August 14, 2003 by Federal Express # 7903 7775 9133
Among other items:
- Item 105: known head hair from victim
- Item 31-A: bindle of foreign hair/fiber from shovel
- Item 32-A: bindle of foreign hair/fiber from shovel
- Item 33-A: bindle of foreign hair/fiber from cultivator hoe
- Item 84-A, C: bindle of foreign hair/fiber from white metal swivel chair
- Item 85-C: vacuum sweeping of green carpet from suspect's residence
- Item 151-A, B, C, D: four hair/fiber lift cards from suspect's residence

Submission III on December 10, 2003 by Federal Express # 7904 9447 2311
Among other items:
- Item 7: paper bindle containing foreign fiber from suspect's residence
- Item 8: paper bindle containing foreign hair from suspect's residence
- Item 9: cut out material from victim's shirt
- Item 10: vacuum sweeping from around cut out carpet stain at suspect's residence
- Item 119-A: cut out section of victim's shirt
- Item 153: known head hair from suspect Hale
- Item 157: known head hair from suspect Garcia

Item 161: known head hair from suspect Stocker
Item 166: known head hair from suspect Bledsoe
Item 171: known head hair from suspect Kimberlin
Item 176: known head hair form suspect Chacon
Item 181: known head hair from suspect Stocker
Item 186: known head hair from suspect Elliston
Item 191: known head hair from suspect Keeling
Item 198: known head hair from suspect Patrick
Item 202: vacuum sweeping bindle from suspect's automobile
Item 203: vacuum sweeping bindle from suspect's automobile
Item 204: vacuum sweeping bindle from suspect's automobile

Submission IV on December 30, 2003 by Federal Express # 7917 4286 6391

**Requested Analysis**

Examine submitted evidence for possible presence of the victim's head hair or fibers from the victim's shirt.

**Results of Analysis**

Hairs were recovered from the following questioned items: 7, 8, 9, 10, 84-A, 84-C, 31-A, 32-A, 33-A, 85-C, 151-A, 151-B, 151-C, 151-D, 202, 203, and 204. Some of the hairs recovered from the above items are visually dissimilar to the victim's submitted head hair. Nine of the hairs recovered from the above items exhibit microscopic characteristics dissimilar to the victim's submitted head hair. The remaining hairs recovered from the above items are animal hairs or hair fragments unsuitable for microscopic comparison.

Fibers were recovered from item 7. All of the recovered fibers are dissimilar to the blue cotton and synthetic fibers composing the victim's shirt.

**Disposition**

We are unable to retain this evidence in our vault. Please make arrangements for this evidence to be picked up at your earliest convenience. If this evidence may be destroyed, please complete and return the enclosed disposition letter authorizing its destruction.

John Lan Bundy
Criminalist
Texas DPS Lubbock Laboratory

SX-275 REPORT

# TEXAS DEPARTMENT OF PUBLIC SAFETY

TEXAS DPS CRIME LABORATORY
P.O. BOX 420
LUBBOCK, TEXAS 79408-4491
Voice 806-472-2832 Fax 806-472-2841

THOMAS A. DAVIS, JR.
DIRECTOR

DAVID McEATHRON
ASST. DIRECTOR

COMMISSION
COLLEEN McHUGH
CHAIRMAN

ROBERT B. HOLT
COMMISSIONER

February 12, 2004

[redacted]

**Supplemental Report**

Jim Burgess
Potter/Randall Co Special Crimes
200 SE 3rd
Amarillo, Texas 79101

| Laboratory Case Number | Agency Case Number | Offense Date |
|---|---|---|
| L5L- 57238 | 03-23750 | 03/13/03 |

**Suspect(s)**
BLEDSOE, Joshua Craig
CHACON, Frank
ELLISTON, Michael Wayne
GARCIA, Guin Cordell
HALE, Tyler Sean
KEELING, Destry Shannon
KIMBERLIN, Stephen Craig
PATRICK, Tori Brooke
STOCKER, Joshua David
STOCKER, Michael Jeffery

**Victim(s)**
POOL, Dustin Shawn

COPY FOR PROSECUTING ATTORNEY

**Offense:** Criminal Offense
**County of Offense:** Potter (188)

**Evidence Submitted**

Submission I
June 10, 2003 via Federal Express # 7922 6416 8484

From 6040 I-40 West #G373, living room:
11. Brown carpet swatch
23. Carpet padding piece
24. Orange carpet padding piece
26. Swabbing from top of coffee table (2)

From trailer at 1719 S. Marrs:
29. White nylon rope

Submission II
August 14, 2003 via Federal Express # 7903 7775 9133
and resubmitted February 6, 2004 via Federal Express # 7917 6803 8963

From victim at autopsy:
105. Known hair
106. Fingernail clippings from left hand

107. Fingernail clippings from right hand

From 7009 Success:
31A. Bindle of foreign hair/ fiber from shovel #31
31B. Swabbing of shovel #31, bottom edge
31C. Swabbing of shovel #31, back of blade
31D. Swabbing of shovel #31, metal shaft of blade
31E. Swabbing of shovel #31, handle
32A. Bindle of hair/ fiber from shovel #32
32B. Swabbing of shovel #32, handle grip
33A. Bindle of hair/ fiber from cultivator hoe

From 380 Co. Rd. 307, Carson County:
61. Swabbing from garage stairway, east wall above step 7
64. Swabbing, 3rd step from bottom of stairway
67. Cigarette butts from coffee can in room above garage (11)
72. Swabbing, north room on board by stairs (2)
81. Swabbing, floor of upstairs Room #1 (2)
82. Swabbing, floor of upstairs Room #2 (2)
83. Swabbing, floor of upstairs Room #3 (2)
84A, C. Bindles of foreign hair/ fiber from white metal swivel chair
84D. Swab, right front bottom of metal chair
84E. Swab, right arm rest of metal chair
84F. Swab, left arm rest of metal chair
85A. Green carpet cutting from stairway in garage
85B. Green carpet cutting from stairway in garage
85C. Vacuum sweeping from green carpet
86 (A-E). Pieces of wood with suspected blood
87 (A-C). Pieces of wood with suspected blood
88 (A-F). Pieces of wood with suspected blood
89 (A-K). Pieces of wood with suspected blood
151 (A-D). Four hair/ fiber lift cards

Submission III
December 10, 2003 via Federal Express # 7904 9447 2311
and resubmitted February 6, 2004 via Federal Express # 7917 6803 8963

From 6040 IH-40 W. #G70
7. Paper bindle containing foreign fiber
8. Paper bindle containing foreign hair
10. Vacuum sweepings from around cut out carpet stain

From victim at autopsy:
9. Cut out material from shirt inside tarp around victim
119A. Cut section of victim's green shirt

From suspects:
153. Known head hair from suspect Hale
155. Known saliva from suspect Hale
157. Known head hair from suspect Garcia
158. Known saliva from suspect Garcia

| Laboratory Case Number | Agency Case Number | Offense Date |
|---|---|---|
| L5L- 57238 | 03-23750 | 03/13/03 |

161. Known head hair from suspect Stocker, Joshua David
163. Known blood from suspect, Stocker, Joshua David
166. Known head hair from suspect Bledsoe
168. Known saliva from suspect Bledsoe
171. Known head hair from suspect Kimberlin
173. Known blood from suspect Kimberlin
176. Known head hair from suspect Chacon
178. Known blood from suspect Chacon
181. Known head hair from suspect Stocker, Michael Jeffery
183. Known saliva from suspect Stocker, Michael Jeffery
186. Known head hair from suspect Elliston
188. Known saliva from suspect Elliston
191. Known head hair from suspect Keeling
193. Known saliva from suspect Keeling
198. Known head hair from suspect Patrick
199. Known saliva from suspect Patrick

From 2000 Lincoln Navigator, KS License # VOB-590:

202. Vacuum sweeping bindle from cargo area
203. Vacuum sweeping bindle from left front passenger seat
204. Vacuum sweeping bindle from right front passenger seat
205. Swab from right side of right front passenger seat
206. Swab of spot stain from right side of front right passenger seat
207. Swab of interior side of hand strap on cargo door
213. Swab of exterior side of hand strap on cargo door

Submission IV
December 30, 2003 via Federal Express # 7917 4286 6391

From suspect Elliston's vehicle:
214. Adjustable pliers

Submission V
January 27, 2004 in person by Sgt. Jim Burgess

From victim at autopsy:

1. Mandible
2. Maxilla

**Requested Analysis**

Determine the presence of blood on the items. If detected, compare to the victim. In addition, determine the presence of DNA on items 214, 31 (B-E), 32 B, 67, and 84 (D-F) and compare to the suspect standards.

**Results of Analysis**

Please refer to Lubbock DPS lab report dated January 20, 2004 for previously reported trace analysis.

Presumptive tests indicate the presence of blood on the carpet (11) and orange carpet padding (24) from 6040 I-40 West #G373, fingernail clippings (106, 107), swabs from the garage stairway at 380 Co. Rd. 307 (61, 64), and adjustable pliers (214).

| Laboratory Case Number | Agency Case Number | Offense Date |
|---|---|---|
| L5L- 57238 | 03-23750 | 03/13/03 |

No blood was detected on the carpet padding (23), coffee table swabs (26), shovel swabs (31B, 31C) room swabs (72, 81, 82, 83), chair swab (84D-F), green carpet cuttings (85A, 85B), wood pieces (86A-E, 87A-C, 88A-F, 89A-K), or vehicle swabs (205-207, 213). No visible bloodstains were detected on the remaining swabs (31D, 31E, 32B). One hair was detected on one of the cigarette butts (67).

The nylon rope (29), victim hair (105), bindles of hair and fiber (31A, 32A, 33A, 84A,C, 7, 8, ), vacuum sweepings (85C, 10, 202-204), hair/ fiber lifts (151A-D), cuttings from victim's shirt (9, 119A), suspect hair, saliva, and blood standards (153, 155, 157, 158, 161, 163, 166, 168, 171, 173, 176, 178, 181, 183, 186, 188, 191, 193, 198, 199), and victim's mandible (V-1) and maxilla (V-2) were not analyzed.

**Investigative Leads**

DNA analysis will be performed and reported at a later date. If further analysis is required, please contact this laboratory.

**Disposition**

Stains from the carpet swatch (11), orange carpet padding (24), and adjustable pliers (214), swabs from the shovels (31B-E, 32B), stairway (61, 64), and metal chair (84D-84F), fingernail clippings (106, 107), cigarette butts (67), two molars from the maxilla (V-2), three tissue fragments from the mandible (V-1), and known blood and saliva from the suspects (155, 158, 163, 168, 173, 178, 183, 188, 193, 199) have been retained frozen to maintain their biological constituents

We are unable to retain the remaining evidence in our vault. Please make arrangements for this evidence to be picked up at your earliest convenience. If this evidence may be destroyed, please complete and return the enclosed disposition letter authorizing its destruction.

Angela R. Rodriguez
Angela R. Rodriguez
Criminalist
Texas DPS Lubbock Laboratory
JMY

SX-276 REPORT

# TEXAS DEPARTMENT OF PUBLIC SAFETY

TEXAS DPS CRIME LABORATORY
1302 MAC DAVIS LANE
LUBBOCK, TEXAS 79401
Voice 806-472-2832 Fax 806-472-2841

THOMAS A. DAVIS, JR.
DIRECTOR

DAVID McEATHRON
ASST. DIRECTOR

COMMISSION
COLLEEN McHUGH
CHAIRMAN

ROBERT B. HOLT
CARLOS H. CASCOS
COMMISSIONERS

October 27, 2004

[redacted]

**Supplemental Report**

Jim Burgess
Potter/Randall Co Special Crimes
200 SE 3rd
Amarillo, Texas 79101

| Laboratory Case Number | Agency Case Number | Offense Date |
|---|---|---|
| L5L- 57238 | 03-23750 | 03/13/03 |

**Suspect(s)**
BLEDSOE, Joshua Craig
CHACON, Frank
ELLISTON, Michael Wayne
GARCIA, Guin Cordell
HALE, Tyler Sean
KEELING, Destry Shannon
KIMBERLIN, Stephen Craig
PATRICK, Tori Brooke
STOCKER, Joshua David
STOCKER, Michael Jeffery

**Victim(s)**
POOL, Dustin Shawn

COPY FOR PROSECUTING ATTORNEY

**Offense:** Homicide
**County of Offense:** Potter (188)

**Evidence Submitted**

Submission I June 10, 2003 via Federal Express # 7922 6416 8484 and Re-submitted on February 06, 2004 via Federal Express # 7917 6803 8963
Among other items:
11. Brown carpet swatch from 6040 I-40 West # G373 living room
24. Carpet padding piece from 6040 I-40 West # G373 living room

Submission II August 14, 2003 via Federal Express # 7903 7775 9133 and Re-submitted on February 06, 2004 via Federal Express # 7917 6803 8963
Among other items:
From 7009 Success
31B. Swabbing from shovel #31
31C. Swabbing from shovel #31
31D. Swabbing from shovel #31
31E. Swabbing from shovel #31
32B. Swabbing from shovel #32

From 380 County Road 307, Carson County:
61. Swabbing from garage stairway
64. Swabbing from stairway step

| Laboratory Case Number | Agency Case Number | Offense Date |
|---|---|---|
| L5L-57238 | 03-23750 | 03/13/03 |

67. Cigarette butts (11) from coffee can in room above garage
84D. Swabbing from metal chair
84E. Swabbing from metal chair
84F. Swabbing from metal chair

From victim Pool:
106. Fingernails from left hand
107. Fingernails from right hand

Submission III December 10, 2003 via Federal Express # 7904 9447 2311
155. Known saliva from suspect Hale
158. Known saliva from suspect Garcia
163. Known blood from suspect J. Stocker
168. Known saliva from suspect Bledsoe
173. Known blood from suspect Kimberlin
178. Known blood from suspect Chacon
183. Known saliva from suspect M. Stocker
188. Known saliva from suspect Elliston
193. Known saliva from suspect Keeling
199. Known saliva from suspect Patrick

Submission IV December 30, 2003 via Federal Express # 7917 4286 6391
214. Adjustable pliers from suspect Elliston's vehicle

Submission V January 27, 2004 personally by Jim Burgess
1. Mandible from victim Pool
2. Maxilla from victim Pool

**Requested Analysis**

Perform DNA analysis on the items submitted and compare to the blood and saliva standards from victim Pool and the suspects.

**Results of Analysis**

Please refer to Lubbock DPS Laboratory reports dated January 20, 2004 and February 12, 2004 for previously reported results.

Tissue from the mandible (V 1), one tooth from the maxilla (V 2); known samples from the suspects (III 155, 158, 163, 168, 173, 178, 183, 188, 193, 199) and swabbings from the carpet (I 11), carpet padding (I 24), shovels (II 31B-31E, 32B) stairway (II 61, 64), cigarette butts (II 67), metal chair (II 84D-84F), victim fingernails (II 106-107) and pliers (IV 214) were extracted by a method that yields DNA. The DNA isolated from all the samples was then analyzed using PCR DNA. The following loci were characterized: D3S1358, vWA, FGA, Amelogenin, D8S1179, D21S11, D18S51, D5S818, D13S317, D7S820, D16S539, TH01, TPOX, CSF1PO, D2S1338 and D19S433.

The tissue from victim Pool's mandible (V 1) was unresponsive to DNA testing.

**Conclusion**

The DNA profile obtained from the stain on the carpet (I 11) and the swabbing from the stairway (II 61) is consistent with the DNA profile obtained from victim Pool. Pool cannot be excluded as the contributor of the stains at loci D21S11, D7S820, CSF1PO, D3S1358, TH01, D13S317, D16S539, D2S1338, D19S533, vWA, TPOX, Amelogenin, D5S818, and FGA. The probability of selecting an unrelated person

| Laboratory Case Number | Agency Case Number | Offense Date |
| --- | --- | --- |
| L5L- 57238 | 03-23750 | 03/13/03 |

at random who could be the source of this DNA profile is approximately 1 in 15.13 quintillion for Caucasians, 1 in 18.37 quintillion for Blacks and 1 in 55.31 quintillion for Hispanics.

The DNA profile obtained from the stain on the carpet padding (I 24) is consistent with a mixture. Pool cannot be excluded as the contributor of the major component in the profile at loci D21S11, D7S820, CSF1PO, D3S1358, TH01, D13S317, D16S539, D2S1338, D19S533, vWA, TPOX, Amelogenin, D5S818, and FGA. The probability of selecting an unrelated person at random who could be the source of the major component in this DNA profile is approximately 1 in 15.13 quintillion for Caucasians, 1 in 18.37 quintillion for Blacks and 1 in 55.31 quintillion for Hispanics.

The DNA profile obtained from the swabbing on the shovel (II 31E) is consistent with the DNA profile obtained from suspect Kimberlin (III 173). Kimberlin cannot be excluded as the contributor of the stain. The probability of selecting an unrelated person at random who could be the source of this DNA profile is approximately 1 in 3.6 quintillion for Caucasians, 1 in 997.0 quintillion for Blacks and 1 in 275.0 quintillion for Hispanics. To a reasonable degree of scientific certainty, Kimberlin is the source of the DNA on the shovel swab (II 31E) (excluding identical twins).

The partial DNA profile obtained from the shovel (II 32B) is consistent with a mixture. Kimberlin cannot be excluded as the contributor of the stain at loci D8S1179, D21S11, D3S1358, D13S317, D19S533, and D5S818. The probability of selecting an unrelated person at random who could be a contributor to the DNA on the shovel swabbing is approximately 1 in 6570 for Caucasians, 1 in 7987 for Blacks, and 1 14,900 in for Hispanics.

The DNA profile obtained from the swabbing on the stairway (II 64) is consistent with the DNA profile obtained from suspect Elliston (III 188). Elliston cannot be excluded as the contributor of the stain on the swab from the stairway. The probability of selecting an unrelated person at random who could be the source of this DNA profile is approximately 1 in 1.362 sextillion for Caucasians, 1in 158.2 quintillion for Blacks and 1 in 4.805 sextillion for Hispanics. To a reasonable degree of scientific certainty, Elliston is the source of the DNA on the stairway swabbing (II 64) (excluding identical twins).

The DNA profiles obtained from the cigarette butts (II 67) are consistent with the same female contributor and are not consistent with the DNA profiles obtained from victim Pool or suspects Hale, Garcia, J. Stocker, Bledsoe, Kimberlin, Chacon, M. Stocker, Elliston, Keeling or Patrick and they are excluded as contributors to the DNA on the cigarette butts.

The partial DNA profiles obtained from victim Pool's fingernails (II 106-107) are consistent with the DNA profile obtained from Pool. Pool cannot be excluded as the contributor of the DNA on his fingernails.

The DNA profile obtained from the pliers (IV 214 stain 1) is consistent with a mixture. Victim Pool cannot be excluded as a contributor to the DNA on stain 1 of the pliers at loci D21S11, D7S820, CSF1PO, D3S1358, TH01, D13S317, D16S539, D2S1338, D19S533, vWA, TPOX, Amelogenin, D5S818, and FGA. The probability of selecting an unrelated person at random who could be a contributor to the DNA on stain 1 of the pliers at these loci is approximately 1 in 1.702 million for Caucasians, 1 in 15.82 million for Blacks and 1 in 5.47 million for Hispanics. Suspect Bledsoe cannot be excluded as a contributor to the DNA on stain 1 of the pliers at loci D8S1179, D21S11, D3S1358, TH01, D16S539, D2S1338, D19S533, vWA, TPOX, D18S51, Amelogenin, D5S818, and FGA. The probability of selecting an unrelated person at random who could be a contributor to stain 1 on the pliers at these loci is approximately 1 in 240,600 for Caucasians, 1 in 3,943,000 for Blacks, and 1 in 888,100 for Hispanics. Additional minor contributors are present in this mixture profile; however, no further conclusions will be drawn.

The partial DNA profile obtained from the pliers (IV 214 stain 2) is consistent with a mixture. Suspect Elliston cannot be excluded as a contributor to the DNA on stain 2 of the pliers at loci D8S1179,

| Laboratory Case Number | Agency Case Number | Offense Date |
|---|---|---|
| L5L- 57238 | 03-23750 | 03/13/03 |

D21S11, D3S1358, TH01, D16S539, D2S1338, D19S533, vWA, TPOX, Amelogenin, and D5S818. The probability of selecting a person at random who could be a contributor to the DNA on stain 2 of the pliers at these loci is approximately 1 in 215,300 for Caucasians, 1 in 37,940 for Blacks and 1 in 1,059,000 for Hispanics. Additional minor contributors are present in this mixture profile; however, no further conclusions will be drawn.

The approximate world population is 6.3 billion.

The swabbings from the shovel (II 31D) and chair (II 84E-84F) were inconclusive for DNA analysis. The swabbings from the shovel (II 31C) were unresponsive to DNA analysis. There was insufficient DNA for analysis on the swabbings from the shovel (II 31B) and metal chair (II 84D).

**Disposition**

The remaining stains and DNA extracts have been retained frozen to maintain their biological constituents. The remaining evidence has been returned to the Potter/Randall County Special Crime Unit.

Cathy McCord

Cathy McCord
Criminalist
Texas DPS Lubbock Laboratory
JM