**NO. W-15,307-A-1**

| | | |
|---|---|---|
| **EX PARTE** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | **47TH JUDICIAL DISTRICT** |
| | § | |
| **JOSHUA DAVID STOCKER** | § | **RANDALL COUNTY, TEXAS** |

## SUPPORTING AFFIDAVIT OF JEFF STOCKER

**TO THE HONORABLE JUDGE OF SAID COURT:**

Jeffrey David Stocker appeared in person before me today and stated under oath:

"My name is Jeffrey David Stocker. My date of birth is September 21ST, 1956. I am sixty one years of age, and I am fully competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

I am the father of Joshua David Stocker. Very shortly after learning of my son's arrest relating to the Dustin Pool homicide, I began searching for a lawyer to represent him. As part of that effort, and on the recommendation of a friend, I contacted Warren L. Clark. I made an appointment with Mr. Clark to discuss representation and ultimately met with Mr. Clark and his investigator, Warner Talley. I discussed what details I knew about my son's involvement with the homicide, and Mr. Clark questioned me about my son's history, specifically his criminal history and other behavioral problems he had as a juvenile. Mr. Clark quoted a fee of at least $200,000, probably more, which he demanded up front, if he were to sign on as Josh's lawyer. I informed Mr. Clark that I would have to discuss the matter with my family. Ultimately we decided against hiring Mr. Clark.

Jeffrey David Stocker

SUBSCRIBED AND SWORN under oath before me on this, the 17TH day of January, 2018.

CHRISTOPHER J. MORGAN
Notary Public, State of Texas
Comm. Expires 03-01-2021
Notary ID 131025353

Notary Public, State of Texas

**INDICTMENT**

No. 15307A | Bond $__________

The State of Texas Vs. JOSHUA STOCKER

Charge: CAPITAL MURDER, A FELONY | 47th District Court

---

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The Grand Jurors for the County of Randall, State of Texas, duly selected, impaneled, sworn, charged and organized as such at the April Term, A. D. 2003, of the 47th District Court of said County, upon their oaths present in and to said Court, that JOSHUA STOCKER, hereinafter called the defendant, on or about the 9th day of March, A. D. 2003, and before the presentment of this indictment, in said County and State, did then and there, in the course of committing and attempting to commit the kidnapping of Dustin Pool, intentionally commit murder by intentionally causing the death of an individual, to-wit: Dustin Pool, by suffocating Dustin Pool by putting a sock into the throat of Dustin Pool and covering Dustin Pool's mouth with tape,

AGAINST THE PEACE AND DIGNITY OF THE STATE.

[signature]

Foreman of the Grand Jury.

JOSHUA STOCKER

FILED

JO CARTER, DISTRICT CLERK
RANDALL COUNTY, TEXAS

POSTED

NO. 15,307-A

THE STATE OF TEXAS — IN THE 47th DISTRICT COURT

VS. — OF

JOSHUA STOCKER — RANDALL COUNTY, TEXAS

**TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL**

I, Judge of the trial court, certify this criminal case:

☒ is not a plea-bargain case, and the defendant has the right of appeal. [or]

☐ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [or]

☐ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [or]

☐ is a plea-bargain case, and the defendant has NO right of appeal. [or]

☐ the defendant has waived the right of appeal.

Hal Miner — July 25, 2005

Judge — Date signed

I have received a copy of this certification:

____________________ — CA McElroy

Defendant — Defendant Attorney

NO. 15,307-A

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 47TH DISTRICT COURT |
| VS. | § | IN AND FOR |
| JOSHUA STOCKER | § | RANDALL COUNTY, TEXAS |

CHARGE OF THE COURT

MEMBERS OF THE JURY:

The defendant, JOSHUA STOCKER, stands charged by indictment with the offense of Capital Murder, alleged to have been committed in Randall County, Texas, on or about the 9th day of March, 2003. To this charge the defendant has pleaded not guilty. You are instructed that the law applicable to this case is as follows:

1.

A person commits the offense of Capital Murder if the person intentionally causes the death of an individual and the person intentionally commits the murder in the course of committing or attempting to commit kidnapping.

2.

"Attempt" means to commit an act with specific intent to commit an offense where the act committed amounts to more than mere preparation but fails to effect the commission of the offense intended.

"Individual" means a human being who has been born and is alive.

3.

A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.

A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

FILED
25.07.[illegible] 14:33

4.

A person is criminally responsible if the result would not have occurred but for his conduct.

5.

A person commits the offense of kidnapping if he intentionally or knowingly abducts another person.

6.

"Abduct" means to restrain a person with intent to prevent his liberation by:

(A) secreting or holding him in a place where he is not likely to be found; or

(B) using or threatening to use deadly force.

"Restrain" means to restrict a person's movements without consent, so as to interfere substantially with his liberty, by moving him from one place to another or by confining him. Restraint is "without consent" if it is accomplished by force, intimidation, or deception.

7.

Our law provides that a defendant may testify in his own behalf if he elects to do so. This, however, is a privilege accorded a defendant, and in the event he elects not to testify, that fact cannot be taken as a circumstance against him.

In this case, the defendant has elected not to testify, and you are instructed that you cannot and must not consider, discuss, allude to, comment upon or refer to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against him.

8.

You are instructed that the phrase "on or about" in an indictment means any time prior to the presentment of the indictment that is within the applicable statute of limitations period. There is no statute of limitations period for the offense of Capital Murder, the offense charged in this case.

9.

You are further charged as the law in this case that the venue for the trial of the offense of Capital Murder is in the county where the dead body of the victim is found.

The burden of proof is on the State to prove venue by a preponderance of the evidence.

The term "preponderance of the evidence" means the greater weight of the credible evidence.

Now, therefore, even if you find from the evidence beyond a reasonable doubt that the defendant did commit the offense of Capital Murder as alleged in the indictment, but you find that the State has failed to prove venue as alleged by a preponderance of the evidence, you will acquit the defendant and say by your verdict "Not Guilty."

10.

A conviction cannot be had upon the testimony of an accomplice unless the jury first believe that the accomplice's evidence is true and that it shows the defendant is guilty of the offense charged against him, and even then you cannot convict unless the accomplice's testimony is corroborated by other evidence tending to connect the defendant with the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the defendant with its commission.

You are further instructed that accomplice witnesses cannot corroborate each other; but such corroborative evidence, if any, must be from some source other than an accomplice witness.

You are further instructed that mere presence of the accused in the company of an accomplice witness shortly before or after the time of the offense, if any, is not, in itself, sufficient corroboration of the accomplice witness' testimony.

You are charged that MICHAEL ELLISTON was an accomplice if any offense was committed, and you are instructed that you cannot find the defendant guilty upon the testimony of MICHAEL ELLISTON unless you first believe that the testimony of the said MICHAEL ELLISTON is true and that it shows the defendant is guilty as charged in the indictment; and even then you cannot convict the defendant, JOSHUA STOCKER, unless you further believe that there is other evidence in this case, outside the evidence of the said MICHAEL ELLISTON or any other accomplice witness, tending to connect the defendant with the commission of the offense charged in the indictment and then from all the evidence you must believe beyond a reasonable doubt that the defendant is guilty.

You are charged that GUINN GARCIA was an accomplice if any offense was committed, and you are instructed that you cannot find the defendant guilty upon the testimony of GUINN GARCIA unless you first believe that the testimony of the said GUINN GARCIA is true and that it shows the defendant is guilty as charged in the indictment; and even then you cannot convict the defendant, JOSHUA STOCKER, unless you further believe that there is other evidence in this case, outside the evidence of the said GUINN GARCIA or any other accomplice witness, tending to connect the defendant with the commission of the offense charged in the indictment and then from all the evidence you must believe beyond a reasonable doubt that the defendant is guilty.

You are charged that TORI PATRICK was an accomplice if any offense was committed, and you are instructed that you cannot find the defendant guilty upon the testimony of TORI PATRICK unless you first believe that the testimony of the said TORI PATRICK is true and that it shows the defendant is guilty as charged in the indictment; and even then you cannot convict the defendant, JOSHUA STOCKER, unless you further believe that there is other evidence in this case, outside the evidence of the said TORI PATRICK or any other accomplice witness, tending to connect the defendant with the commission of the offense charged in the indictment and then from all the evidence you must believe beyond a reasonable doubt that the defendant is guilty.

You are charged that JOSHUA BLEDSOE was an accomplice if any offense was committed, and you are instructed that you cannot find the defendant guilty upon the testimony of JOSHUA BLEDSOE unless you first believe that the testimony of the said JOSHUA BLEDSOE is true and that it shows the defendant is guilty as charged in the indictment; and even then you cannot convict the defendant, JOSHUA STOCKER, unless you further believe that there is other evidence in this case, outside the evidence of the said JOSHUA BLEDSOE or any other accomplice witness, tending to connect the defendant with the commission of the offense charged in the indictment and then from all the evidence you must believe beyond a reasonable doubt that the defendant is guilty.

11.

An accomplice as the word is here used, means anyone connected with the crime charged as a party to the offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. A person is criminally responsible for an offense committed by the conduct of another if, acting with intent

to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense.

Mere presence alone will not constitute one a party to an offense.

You are further instructed that mere presence of the accused in the company of an accomplice witness shortly before or after the time of the offense, if any, is not, in itself, sufficient corroboration of the accomplice witness' testimony.

You are further instructed that accomplice witnesses cannot corroborate each other.

A conviction cannot be had upon the testimony of an accomplice unless the jury first believe that the accomplice's evidence is true and that it shows the defendant is guilty of the offense charged against him, and even then you cannot convict unless the accomplice's testimony is corroborated by other evidence tending to connect the defendant with the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the defendant with its commission.

If you find from the evidence that the witness, DESTRY KEELING, was an accomplice, or you have a reasonable doubt thereof, as that term has been defined to you in subsequent instructions in this charge, then you are instructed that if you find beyond a reasonable doubt that an offense was committed, you cannot find the defendant, JOSHUA STOCKER, guilty upon the testimony of DESTRY KEELING unless you first believe that the testimony of the said DESTRY KEELING is true and that it shows the defendant is guilty as charged in the indictment; and even then you cannot convict the defendant unless you further believe that there is other evidence in this case, outside the evidence of said DESTRY KEELING or any other accomplice witness, tending to connect the defendant with the commission of the offense charged in the

indictment and then from all the evidence you must believe beyond a reasonable doubt that the defendant is guilty.

If you find from the evidence that the witness, JASON WAYNE HICKSON, was an accomplice, or you have a reasonable doubt thereof, as that term has been defined to you in subsequent instructions in this charge, then you are instructed that if you find beyond a reasonable doubt that an offense was committed, you cannot find the defendant, JOSHUA STOCKER, guilty upon the testimony of JASON WAYNE HICKSON unless you first believe that the testimony of the said JASON WAYNE HICKSON is true and that it shows the defendant is guilty as charged in the indictment; and even then you cannot convict the defendant unless you further believe that there is other evidence in this case, outside the evidence of said JASON WAYNE HICKSON or any other accomplice witness, tending to connect the defendant with the commission of the offense charged in the indictment and then from all the evidence you must believe beyond a reasonable doubt that the defendant is guilty.

12.

You are further instructed that if there is any evidence before you as to any acts or statements of any person, alleged to be a co-conspirator with the defendant, you cannot consider any such acts or statements against the defendant unless you first believe from the evidence beyond a reasonable doubt that at the time any such acts or statements were done or made, there existed a conspiracy between such person or persons and the defendant to commit the offense alleged in the indictment or the lesser included offense of kidnapping, and further that such acts or statements, if any, were made during the course of and in furtherance of the conspiracy, if any; and unless you so believe from the evidence beyond a reasonable doubt, you will disregard any such acts or statements made by any such person or persons as evidence against the defendant.

13.

Now bearing in mind the foregoing instructions, if you unanimously believe from the evidence beyond a reasonable doubt, that the defendant, JOSHUA STOCKER, on or about the 9th day of March, 2003, in the County of Randall, and State of Texas, as alleged in the indictment, did then and there, in the course of committing or attempting to commit the kidnapping of Dustin Pool, intentionally commit murder by intentionally causing the death of an individual, to-wit: Dustin Pool, by suffocating Dustin Pool by putting a sock into the throat of Dustin Pool and covering Dustin Pool's mouth with tape, you will find the defendant guilty of the offense of Capital Murder and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will next consider whether the defendant is guilty of the offense of Capital Murder as a party to that offense.

14.

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. Each party to an offense may be charged with the commission of the offense.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

Mere presence alone will not make a person a party to an offense.

15.

Now bearing in mind the foregoing instructions, if you unanimously believe from the evidence beyond a reasonable doubt, that on or about the 9th day of March, 2003, in the County of Randall, and State of Texas, JOSHUA BLEDSOE <u>or</u> CRAIG KIMBERLIN

<u>or</u> FRANK CHACON did then and there, in the course of committing or attempting to commit the kidnapping of Dustin Pool, intentionally commit murder by intentionally causing the death of an individual, to-wit: Dustin Pool, by suffocating Dustin Pool by putting a sock into the throat of Dustin Pool and covering Dustin Pool's mouth with tape, and if you further unanimously believe from the evidence beyond a reasonable doubt that on said date in said County and State, the defendant, JOSHUA STOCKER, as a party as that term is hereinbefore defined, acting with intent to promote or assist the commission of the offense, solicited, encouraged, directed, aided, or attempted to aid the said JOSHUA BLEDSOE <u>or</u> CRAIG KIMBERLIN <u>or</u> FRANK CHACON in the foregoing action, you will find the said JOSHUA STOCKER guilty of the offense of Capital Murder as charged in the indictment and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

16.

The defendant is on trial solely on the charge contained in the indictment. In reference to evidence, if any, that the defendant has previously participated in other crimes, wrongs, or acts, other than that which is charged in the indictment in this case, you are instructed that you cannot consider such other crimes, wrongs, or acts, if any, for any purpose unless you find and believe beyond a reasonable doubt that the defendant participated in or committed such other crimes, wrongs, or acts, if any; and even then you may only consider the same for the purpose of determining motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, if it does, and for no other purpose.

17.

The only function of the jury under this charge is to determine the guilt, if any, of the defendant or the innocence of the defendant according to the directions and instructions contained herein, the matter of punishment, should you find the defendant guilty, being the subject of further proceedings in the trial.

18.

You are instructed that a grand jury indictment is no evidence of guilt. It is the means whereby a defendant is brought to trial in a felony prosecution. It is not evidence, nor can it be considered by you in passing upon the innocence or guilt of this defendant.

19.

In all criminal cases, the burden of proof is on the State and never shifts to the defendant. The defendant is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt; and in case you have a reasonable doubt as to defendant's guilt after considering all the evidence before you and these instructions, you will acquit the defendant and say by your verdict "Not Guilty".

All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all reasonable doubt concerning the defendant's guilt.

In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict "Not guilty".

20.

You are the exclusive judges of the facts proved, of the credibility of the witnesses and of the weight to be given to their testimony, but you are bound to receive the law from the Court which is here given to you in these written instructions, and you must be governed thereby.

21.

During your deliberations in this case, you must not consider, discuss or relate any matters not in evidence before you. You should not consider or mention any personal knowledge or information you may have about any fact or person connected with this case which is not shown by the evidence.

22.

After you have retired to the jury room, you should select one of your members as your presiding juror. It is the presiding juror's duty to preside at your deliberations and to vote with you in arriving at a unanimous verdict. Your verdict must be unanimous, and when you have unanimously agreed upon a verdict, the presiding juror will certify to your verdict by signing the same as presiding juror.

23.

After you have retired to the jury room, no one has any authority to communicate with you except the officer who has you in charge. You may communicate with this Court in writing through the officer who has you in charge. Do not attempt to talk to the officer who has you in charge, or the attorneys or the Court, or anyone else concerning any question you may have.

24.

After you have arrived at your verdict, you may use one of the verdict forms attached hereto by having your presiding juror sign his/her name to the particular form that conforms to your verdict, but in no event shall he/she sign more than one of such forms.

Hal Miner

JUDGE PRESIDING

July 21st, 2005

THE STATE OF TEXAS
VS.
JOSHUA STOCKER
CAUSE NO. 15,307-A

## VERDICT FORMS

We, the jury, find the defendant, JOSHUA STOCKER, not guilty.

______________________________
Presiding Juror of the Jury.

* * * * * * * * * *

We, the jury, find the defendant, JOSHUA STOCKER, guilty of the offense of Capital Murder, as alleged in the indictment.

Denise Conder
Presiding Juror of the Jury.

No. 15,307-A

THE STATE OF TEXAS

VS.

JOSHUA STOCKER

IN THE 47th DISTRICT COURT

IN AND FOR

RANDALL COUNTY, TEXAS

JUDGMENT ON JURY VERDICT OF GUILTY
PUNISHMENT FIXED BY COURT OR JURY

| | |
|---|---|
| Judge Presiding: | Honorable Hal Miner |
| Date of Judgment: | July 21, 2005 |
| Attorneys for State: | James A. Farren and Jeremy Fowler |
| Attorneys for Defendant: | C.J. McElroy and Mike Watkins |
| Offense Charged with: | Capital Murder §19.03 of the T.P.C. |
| Degree: | Other Range Felony |
| Offense Convicted: | Capital Murder §19.03 of the T.P.C. |
| Degree: | Other Range Felony |
| Date of Offense: | March 9, 2003 |
| Charging Instrument: | indictment |
| Plea: | not guilty |
| Jury Verdict: | guilty |
| Foreman: | Denise Conder |
| Punishment Assessed by: | Judge |
| Date Sentence Imposed: | July 21, 2005 |
| Punishment and Place of Confinement: | Life Imprisonment in the Texas Department of Criminal Justice Institutional Division |
| Date to Commence: | July 21, 2005 |
| Time Credited: | In 6-15-03 to present date |
| Costs: | |
| Total Amount of Restitution/Reparation: | n/a |

Concurrent Unless Otherwise Specified.

On the 11th day of July, 2005, this cause was called for trial, and the State appeared by her Criminal District Attorney, James A. Farren and Assistant Criminal District Attorney, Jeremy Fowler, and the defendant, JOSHUA STOCKER appeared in person, in open court, his counsel, C.J. McElroy and Mike Watkins, also being present, and the said defendant, JOSHUA STOCKER, having been duly arraigned, and having pleaded Not Guilty to the indictment herein, both parties announced ready for trial. A Jury, to-wit: Denise Conder and eleven others, was duly selected, impaneled and sworn, who having heard the indictment read and the defendant's plea of Not Guilty thereto, and having

heard the evidence submitted, and having been duly charged by the Court, and having heard arguments of counsel, retired in charge of the proper officer to consider the verdict. And afterward were brought into court by the proper officer, the defendant and his counsel being present, and returned into open court the following verdict which was received by the Court and is now entered upon the Minutes of the Court, to-wit:

"We, the jury, find the defendant, JOSHUA STOCKER, guilty of the offense of Capital Murder, as alleged in the indictment.

/s/ Denise Conder
Presiding Juror the Jury."

Prior to the beginning of the trial, the State announced that it would not seek the death penalty for the offense of Capital Murder in this cause. After the aforementioned jury found the defendant guilty as charged in the indictment, the Judge proceeded to sentence the defendant to life imprisonment in the Institutional Division of the Texas Department of Criminal Justice pursuant to the provisions of Article 37.071 of the Texas Code of Criminal Procedure and Section 12.31 of the Texas Penal Code.

Thereupon, on the 21st day of July, 2005 the Court proceeded to sentencing. The State appeared by her Criminal District Attorney, James A. Farren and Assistant Criminal District Attorney, Jeremy Fowler, and the defendant, JOSHUA STOCKER, appeared in person and with his attorneys, C.J. McElroy and Mike Watkins. The Court then conducted sentencing and assessed the defendant's punishment at Life imprisonment in the Institutional Division of the Texas Department of Criminal Justice pursuant to the aforesaid statutory provisions.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the defendant, JOSHUA STOCKER, is guilty of the offense of Capital Murder, as charged in the indictment, and that the said defendant committed the offense on the 9th day

of March, 2003, and that he be punished as has been determined by the Court, that is with Life Imprisonment, and that the State of Texas do have and recover of the said defendant all costs in this proceeding incurred, for which let execution issue.

THEREAFTER, the defendant, JOSHUA STOCKER, was asked by the Court whether he had anything to say why sentence should not be pronounced against him and he answered nothing in bar thereof. Whereupon, the Court proceeded in the presence of the said defendant, JOSHUA STOCKER, and his attorneys, C.J. McElroy and Mike Watkins, to pronounce sentence against him as follows:

IT IS THE ORDER OF THIS COURT that the defendant, JOSHUA STOCKER, who has been adjudged guilty of the offense of Capital Murder as found by the jury and whose punishment is assessed by the judge at Life Imprisonment, be delivered by the Sheriff of Randall County, Texas to the Texas Department of Criminal Justice Institutional Division of the State of Texas, or its duly authorized representatives, and the said JOSHUA STOCKER shall be confined in the said Texas Department of Criminal Justice Institutional Division for Life in accordance with the provisions of the law governing the penitentiaries of said State; and the said JOSHUA STOCKER is remanded to jail until said Sheriff can obey the directions of this sentence.

And the defendant was informed of his right to appeal and that he was entitled to have counsel appointed by the Court to perfect an appeal if he could not afford to employ counsel for said appeal; and the defendant stated he did/did not wish to appeal his case and he did/did not wish to have counsel appointed.

SIGNED this the 26th day of July, 2005.

Judge Presiding



Defendant's Right Thumbprint

THE STATE OF TEXAS
VS.
Joshua D. Stocker
X

# CRIMINAL DOCKET

NO 015307A

| NUMBER OF CASE | STYLE OF CASE | ATTORNEYS | KIND OF ACTION | DATE OF FILING |
|---|---|---|---|---|
| 015307A<br>Sheet 1 | THE STATE OF TEXAS<br>VS.<br>STOCKER, JOSHUA DAVID<br>Defendant | FARREN, JAMES A.<br>Plaintiff:<br>MC ELROY, C.J.<br>Defendant: | CAPITAL MURDER | 08/06/03 |

| DATE OF ORDER Month | Day | Year | ORDERS OF COURT (Was a Stenographer Used? ______) | COMMENTS |
|---|---|---|---|---|
| | | | , $ 0.00 | |
| 8 | 12 | 03 | Video Arraignment; Confirmed that appointed lawyers have visited him; set bond $1M. | |
| 4 | 14 | 05 (KM) | Pretrial Conference - CJ McElroy and Mike Watkins for Δ, who was not present. Δ had previously filed waiver for his presence @ Pretrial. Bruce Evans in RCSO testified that all Δ + witnesses will be here today or tomorrow. Set a partial pretrial hearing for all Motions ready to be heard for Sat Apr 16, 2005 @ 9:00. | |
| 4 | 16 | 05 (KM) | Pretrial hearing in Potter 47th; Δ present with CJ McElroy and Mike Watkins. State and James Farren and Jeremy Fowler secured Δ consent to hold the hearing in Potter. 1. Heard Δ Motion Determine Admissibility statements Apr 14, 2003, unsigned written and verbal statements by Δ to law Enforcement. Granted the Δs Motion in Limine. 2. Δ Motion Witness List - Granted w/o Objection | |

424

# ORDERS OF THE COURT CONTINUED

| DATE OF ORDER Month | Day | Year | ORDERS OF THE COURT CONTINUED | COMMENTS |
|---|---|---|---|---|
| | | | 3. Δ Motion Voir Dire Experts – (Daubert Hearing) – Granted | |
| | | | 4. Δ Discover Exculpatory / Mitigating Evid – Granted | |
| | | | 5. Motion For Discovery of Evid – Various Rulings in writing. | |
| | | | 6. Continuance – Granted | |
| | | | 7. Motion Extraneous offense – Granted | |
| | | | 8. Motion Limine, Prior Conviction Granted | |
| | | | 9. Court Rep Full Record – Granted | |
| | | | 10. Δ Motion conviction Records of State Witness. | |
| 6 | 10 | 05 | (T.L.) Hearing on Δ "Recording Motion." State / Farren; Δ / McElroy and Watkins. Lt. Sluder testified. Craig Allen testified. Bell Redden Testified. Δ asks that State be prohibited from introducing conversations recorded in jail. Denied | |
| 07 | 11 | 05 | Began and finished jury selection – Seated 12 jurors and 1 alternate. Swore jury and Δ entered plea – let jury go until 1:00 PM Tomorrow – began hearing arguments and fact summaries involved in Δ objection to 'bad acts, extraneous offenses.' Analysis like this: pass 401 TRE? If yes, then fit exception or exception in 404(b) TRE? If yes, do 403 TRE Bal. Act. Recess 6:00 PM. | |
| 7 | 12 | 05 | 8:15 began 1.04 TRE hearing again. Announced cannot fairly judge extraneous offenses and bad acts until most of context, most of evidence, is heard. Juror Hill provided med excuse, was excused from Jury. Replaced ~~[illegible]~~ with Juror Pflug. Began testimony @ 1:00 PM. Go to Sheet 7 | |

# CRIMINAL DOCKET

NO 015307A

| NUMBER OF CASE | STYLE OF CASE | ATTORNEYS | OFFENSE | DATE OF FILING |
|---|---|---|---|---|
| 015307A<br>Sheet 2 | THE STATE OF TEXAS<br>VS.<br>STOCKER, JOSHUA DAVID | FARREN, JAMES A.<br>STATE<br>MC ELROY, C. J.<br>DEFENDANT | CAPITAL MURDER | 08/06/03 |

## ORDERS OF COURT

| DATE OF ORDER Month | Day | Year | Was a Stenographer Used? ______ | MINUTE BOOK Vol. | Page |
|---|---|---|---|---|---|
| | | | continuation – | | |
| 7 | 12 | 05 | Opening statements concluded 2:35 - 1st witness - Dr. Natarajan - Examined Victim Corpse - 77 pictures, autopsy report. Jury wants to work until 5:30, start @ 8:30, no Saturdays. Recessed 5:29. | | |
| 7 | 13 | 05 | Dealt with extraneous offense/bad act objections under TRE 401, 403, + 404 | | |
| 7 | 14 | 05 | - Problems with State #255 - This is summary of records in State 11-14. State 11 had a mixture of proper business records and as-yet-unpredicated pen register records. State moved to withdraw the pen register records from State 11. Granted. This meant | | |

426

| DATE OF ORDERS | ORDERS OF COURT CONTINUED | MINUTE BOOK Vol. | Page |
|---|---|---|---|
| | State's # 255 partly based on unadmitted evidence. | | |
| | Cross of Tori Patrick – Defense produced an internal DA's | | |
| | office memo written by Bobbie Cobbette – memo refers to | | |
| | "signed use immunity agreement." Defense says received | | |
| | no such agreement under Brady. Excused jury; Court | | |
| | conducted inquiry; Court satisfied that this reference a mistake | | |
| | and no written agreement exists between State and witness Patrick. | | |
| | See Court Exhibit #3. | | |
| 7-17 | Began 8:50. Witnesses: Keeling; Bledsoe; Chris Eason – | | |
| | Excluded Evidence of 'Jeremy Ray' Kidnapping – Rule 403 | | |
| | balancing test. – Evid so compelling on case in chief that probity | | |
| | of this extraneous offense is small – No Necessity for this. | | |
| 7-19-05 | Witness Mendoza took 5th Amendment – excused jury – held | | |
| | Mendoza in contempt and sentenced him to 6 months in Randall | | |
| | Jail at end of Fed sentence. W finally agreed to testify. | | |
| | I withdrew 6 month sentence, brought jury back in; W | | |
| | testified. | | |
| 7-20-05 | Stipulation and Agreement among parties from yesterday – | | |
| | see sheet 3 | | |

# CRIMINAL DOC

THE STATE OF TEXAS x Cause No.
VS. x
Joshua D Stocker x 15307-A
x [signature]

Defendant's Right Thumbprint

[signature: MBParker]
Signature of Bailiff, Acting for the Court, who took the thumbprint immediately to the left hereof on this 21st day of July 2005.

| NUMBER OF CASE | STYLE OF CASE | ATTORNEY |
|---|---|---|
| 015307A<br>SHEET 3 | THE STATE OF TEXAS<br>VS.<br>STOCKER, JOSHUA DAVID | FARREN, JAME<br>S<br>MC ELROY, C |
| | | DEFEN |

## ORDERS OF COU

| DATE OF ORDER: Month | Day | Year | Was a Stenographer Used? ______ |
|---|---|---|---|
| 7 | 20 | 05 | DPS Lab technicians could testify about Jaw Parts — for all purposes — from State's Exhibit 25 thru 28, which are photos of the actual body parts as if they were actually the evidence of body parts themselves, States exhibit 252. States' 252 had sickening odor, so pictures were stipulated to as if they were the body parts and the chain of custody envelopes themselves. |
| continued | | | State objected with Power Point presentation by Δ expert Dr. Haskell — State had not seen it. Excused jury and required Δ to show State PP slide by slide. At end of this |

428

| DATE OF ORDERS | ORDERS OF COURT CONTINUED | MINUTE BOOK Vol. | Page |
|---|---|---|---|
| | process – No state objection. | | |
| 7-20-05 | (cont) – State Put on 2 Rebuttal Witnesses. – Both rested – Told both sides they could reopen tomorrow 8:30 AM If necessary if ready @ 8:30 AM. Let Jury go about 3:00 PM. Discussed Charge. | | |
| 7-21-05 | Allowed State to Reopen for limited testimony of Thanksgiving-2002 Roy Kidnapping – Did a re-balance of last Test of Rule 403 – How necessary to State was this? After Entomologist cast doubt on torch/death theory – decided that the Roy Kidnapping #2 was all of a sudden more relevant. Did give Jury a limiting instruction. | | |
| | Argument began 1:05. Jury got case @ 3:05. Guilty Verdict 6:00 PM – Sentenced to life pursuant to 12.31 PC and Art 37.071 CCP. Advised of Right to Appeal. | | 222 |

POSTED

**Cause No. W-15307-A-1**

Ex Parte: In the 47TH District

• Court in and for

• Randall County, Texas

•

JOSHUA DAVID STOCKER

**CLERK'S CERTIFICATE UNDER ART. 11.07, SEC. 3©, V.A.C.C.P.**

This is to certify that the above numbered and entitled post-conviction application for writ of habeas corpus was filed in the court on the 16TH day of January, 2018, and that a copy of said petition was served upon the district attorney's office on the 16th day of January, 2018; that further as clerk of this court, I hereby certify that no orders have been entered by the trial court within a 35 day time limit from the filing of this petition. Therefore, pursuant to the provisions of Art. 11.07, Section 3 © supra, it appears that the trial court's failure to act within the time limit prescribed by stature constitutes a finding that there are no previously unresolved facts material to the legality of the applicant's confinement.

So certified this February 20, 2018.

Jo Carter
District Clerk
Randall County, Texas

By Amanda Braddock, Deputy

DISTRICT COURT OF RANDALL COUNTY, TEXAS